22 U.S. 651 (1824)
9 Wheat. 651
WALTON, Plaintiff in Error,
v.
The UNITED STATES, Defendants in Error.
Supreme Court of United States.
March 1, 1824.
March 17, 1824.
*652 THIS cause was argued by Mr. Clay, for the plaintiff in error, and by the Attorney-General, for the defendants in error.
Mr. Justice DUVALL delivered the opinion of the Court.
The plaintiff in error in this case, who was defendant in the Court below, was a receiver of public money, in one of the land offices in the District of Mississippi, and being indebted to the United States in a large amount, an action of assumpsit was instituted against him, to recover the balance due, which was stated to be $102,478 85½, made up of cash and stock; viz. in cash, $93,639 93½, and in Mississippi stock, $8,838 92. The declaration contains only one count, which is for money lent and advanced, laid out and expended, and for money had and received. To this the general issue of non assumpsit was pleaded, and issue was joined. The attorney for the United States, to support the claim, offered in evidence a transcript from the books and proceedings of the Treasury, authenticated under the seal of the Department, pursuant to an act to provide more effectually for the settlement of accounts between the United States and receivers of public money, passed on the 3d of March, 1797; to the admission of which evidence the attorney for the defendant objected:
1. Because there had not been any proceedings against him under the act of the 3d of March, 1795, entitled, "An act for the more effectual recovery of debts due from individuals to the United *653 States," by notification from the Treasury Department, requiring him to render to the Auditor of the Treasury his accounts and vouchers, in order to a settlement, as directed by that act.
2. Because the account offered in evidence was against the defendant, as receiver of public money, west of Pearl river, and that the defendant, as such receiver, had executed a bond with security, according to law, for the faithful discharge of his duties as such; and that the remedy against him being upon his official bond alone, an action for money had and received would not lie.
3. Because the declaration was against him in his individual capacity, and the evidence offered showed that he was liable, if at all, in his public character as receiver of public money west of Pearl river, and not in his individual capacity. But the Court overruled the objection, and were of opinion that the transcript was evidence to support the declaration, and permitted the same to go to the jury: to which opinion of the Court, the defendant, by his counsel, excepted, and the proceedings were brought up to this Court by writ of error, for their revision.
In the argument of this cause, the counsel for the plaintiff in error has made no question which does not appear in the record. He contends that the act of 1795 is not repealed by that of 1797, and that the suit of the United States against Walton cannot be maintained, because, before a suit can be sustained by the United States against a debtor, he is entitled, according to the provisions of the act of 1795, to a notification from *654 the Comptroller of the Treasury, to appear before the Auditor, with his accounts and vouchers, affording him an opportunity of a just and fair settlement upon a full investigation of his accounts. That, without such investigation, mane items, for which the debtor may claim a credit, may be rejected for want of the necessary explanations.
To this reasoning the Attorney-General, on behalf of the United States, replies, by insisting that the act of 1795 is virtually repealed by that of 1797, which contains similar and additional provisions, incompatible with those of the former act; and that the debtor has ample opportunity of a full and just examination of his accounts under the last mentioned act. The Court deem it unnecessary to decide the question, whether the act of 1795 is repealed by that of 1797, because the last mentioned act contains ample provision for this case. It is provided by the 2d section of that act, "that in every case of delinquency, where suit has been or shall be instituted, a transcript from the books and proceedings of the Treasury, certified by the Register, and authenticated under the seal of the Department, shall be admitted as evidence, &c." And by the 4th section it is enacted, "that in suits between the United States and individuals, no claim for a credit shall be admitted, upon trial, but such as shall appear to have been presented to the accounting officers of the Treasury for their examination, and by them disallowed, in whole or in part, unless it should be proved to the satisfaction of the Court, that the defendant is, at the time of trial, in possession of vouchers *655 not before in his power to procure, and that he was prevented from exhibiting a claim for such credit at the Treasury, by absence from the United States, or some unavoidable accident."
These positive provisions of the law must be disregarded, if we say that the authenticated transcript from the Treasury Department is not evidence. They are too plain to require argument; and the debtor has a fair opportunity of establishing his account, if just, without a notification from the Comptroller, according to the act of 1795. In the first place, he states his account, and when stated, it is rendered to the Auditor, who examines it, and makes a report to the Comptroller, by whom it is revised. Afterwards, in case of a suit, he has an impartial trial in Court, where an opportunity is again afforded him of supporting his claim; and if the Court and jury, before whom the cause is tried, should be of opinion that any item of his account has been improperly rejected, it is restored to his credit. On the trial of this cause in the Court below, it appears that the balance claimed was reduced by the verdict of the jury to 44,994 dollars and 57 cents; it is presumed, by the exhibition of vouchers under the 4th section of the act of 1797, which had not been rendered to the accounting officers of the Treasury.
It was also urged, on the part of the plaintiff in error, that the amount offered in evidence is against him, as receiver of public money; and that he had executed a bond with security, according to law, for the faithful discharge of his duties as such; and that, therefore, the account was merged *656 in the sealed instrument, on which alone the action can be sustained. It may be admitted, that a security under seal extinguishes a simple contract debt; but in the case under consideration, the account and the bond are distinct from each other. The official bond is not given for the balance due; it is a collateral security for the faithful performance of the official duties of the officer, and was executed long before the existence of the balance claimed. It may be asked, how could a bond, in a penalty of 10,000 dollars, extinguish a simple contract debt of more than 100,000 dollars? The balance claimed could not be recovered by a suit on the bond. In all similar cases, between the United States and their debtors, it is usual to institute a suit for the recovery of the balance struck on settlement of the account, and an action of debt on the official bond, to recover the penalty of the sureties. It is indispensably necessary, in every instance where the debtor is unable to pay.
The third and last objection made on behalf of the plaintiff in error, is on the ground that he is charged in the declaration in his individual capacity, and the evidence offered is against him in his public character; and further, that the account charges stock and money, and the claim is in money only; that on a count for money had and received, evidence cannot be given that the defendant received any thing but money. It is a full answer to this objection, to observe, 1. That the receiver is individually responsible for all the money he received in his public capacity; and, 2. That evidences of the public debt are made, by *657 law, payable at their nominal value, for lands sold by the United States; and, therefore, stock is receivable as money at par. And it appearing, by the account offered in evidence, that the far greater part of the balance claimed is in money, it was proper and legal evidence to support the declaration; and as the balance claimed was reduced by the verdict of the jury, which is for money only, and for less than the amount of cash claimed, the just inference is, that the stock balance was extinguished by the vouchers produced by the defendant, on the trial in the Court below.
An objection was made on the part of the United States, that the bill of exceptions in this case was not taken at the trial, but purports on the face of the record to have been taken and signed after judgment rendered in the case. It is true, that the bill of exceptions states, that the evidence was objected to at the trial; but it is not said that any exception was then taken to the decision of the Court. So that, in fact, it might be true, that the objection was made, and yet not insisted upon by way of exception. But the more material consideration is, that the bill of exceptions itself appears on the record not to have been taken at all, until after judgment. It is a settled principle, that no bill of exceptions is valid, which is not for matter excepted to at the trial. We do not mean to say, that it is necessary, (and in point of practice we know it to be otherwise,) that the bill of exceptions should be formally drawn and signed, before the trial is at an end. It will be sufficient, if the exception be taken at the trial, and noted by the *658 Court, with the requisite certainty; and it may, afterwards, during the term, according to the rules of the Court, be reduced to form, and signed by the Judge; and so, in fact, is the general practice. But in all such cases, the bill of exceptions is signed nunc pro tunc; and it purports on its face to be the same, as if actually reduced to form, and signed, pending the trial. And it would be a fatal error, if it were to appear otherwise; for the original authority, under which bills of exceptions are allowed, has always been considered to be restricted to matters of exception taken pending the trial, and ascertained before the verdict.
Judgment affirmed, with costs.