Opinion of the Court, by
Judge Owst.EY.
THIS was an action of trespass, assault and battery, brought in the circuit court by Margaret Hallowell against Noah Hallowell.
The declaration contains two counts. To the first count Noah Hallowell pleaded the general issue, and to the second he pleaded son assault demesne. An issue was made up by the parties to each plea, and on the trial a verdict for eight hundred dollars was found for Margaret Hallowell.
A motion for a new trial was then made by Noah Hallowell; but it was overruled by the court, and judgment rendered in conformity to the verdict.
After the judgment was entered, a bill of exceptions was tendered to the opinion of the court admitting evidence on the trial, as well as refusing to award a new trial; and after being signed and sealed by the court, the exceptions were made part of the record.
To reverse the judgment rendered against him, Noah Hallowell appealed to this court.
The assignment of errors questions the correctness of each opinion of the court excepted to by the appellant.
(1) Before we examine the correctness of the opinionS) jj; ¡s proper that we should notice an objection ^a^en in argument, to the time of excepting in the court below. It was said, that if, in admitting the evidence, the opinion of the court was not satisfactory to the apPe^anb be should immediately have tendered his exceptions; and as he failed to do so until affer judgment, it was contended the exceptions came too late; and al *131 though the court maj’ have erred it) admitting the evidence, it was insisted the error ought not to be regarded by this court.*
(2) Bills of exceptions ought to bo tendered immediately after tho decision is pronounced, unless time is given by tjie court.
(3) Allowing time to tender bills of exceptions, is a matter in tho sonad discretion of the court; therefore, where they are allowed after judgment, & enrolled without objection, this court will suppose that timo was properly allowed.
Thai it would not, in all cases, be incumbent on the court of original jurisdiction, after trial, t ) allow exsep-tions to opinions given in the progress of the trial, is a proposition that we shall not controvert.
(2) It might happen, that if, whilst the thing is transacting in cpurf, (he party against whom an opinion is given on points of evidence, should tender exceptions, tiie adverse party, rather than risk the question in the revising court, would prefer waiving the evidence which by the opinion should be held competent, and rely upon other testimony of a less doubtful character.
Á proper regard to the interest of the parties would, therefore, seem to require of him against whom an opinion is given in the progress of a trial, to tender to the court his exceptions whilst the tiling is transacting, unless, by permission .of the court, further time is allowed him to do so. But whether or not further time will be given to make out the exceptions, must, we apprehend, be a matter within the sound discretion of the court. Though, in some cuses, it might be proper to require the exceptions to be taken immediately on the opinion being pronounced by the court, in others no injustice would be done, and the progress of business would be greatly facilitated by allowing time until after the trial is over, to prepare the exceptions.
(3) It is not, however, to any improper exercise of the discretion ofthe court, that the argument employed in the present case is addressed. Without any objections being made in the court below, as tc the time of presenting the bill of exceptions, they were signed, sealed and enrolled by the court; and because that appears to have been done after the judgment was entered,-the argument assumes the position, that, as to the opinion given on the trial, the exceptions should be treated as a nullity by this court. But if we are correct in supposing it a matter within the discretion ofthe court, to give time to prepare and tender exceptions, *132 as {be bill of exceptions was signed and enrobed by the court, we must suppose that it was made out and presented under, (he permission oí the courl^and of course we must presume that in giving permission the discretion of the court was correctly exercised.
improperly admitted, The evidence „
(4) Words spoken by de-plaintiff °im-1 ' ’ - mediately after, and at the place of combat, which, if not trae, would support slander, eannot be t;iven in evidence in ap action for íkc. aS?dU ’
The objection as to the time of excepting, cannot, theiefore, be sustained; so that we are necessarily brought to consider the correctness of the opinion of the court below, admitting evidence to the jury.
After the evidence conducing to prove the injury complained of in .the declaration, was through, one of wjt[iesses fqr the plaintiff in the court below, stated, that after {he combat was over, but whilst the parties remained at the place where it happened, the defendant in that court (the appellant here) employed aggravating and provoking language to the plaintiff. The precise expressions used by the defendant, though repeated by the witness, are not necessary tp be mentioned; but, among others, some were spoken which are of a defamatory character, and for which, if not true, an action of slander might be sustained by the plaintiff. The witness further stated, that after the plaintiff withdrew from the place where the combat happened, to her residence, she was pursued by the defendant, and there threatened by him, that he would strip her, tiehcr vp, and get rods for his mother to whip her; but no attempt was made by him to do so.
(4) The statements so made by the witness, as to what was said by the defendant after the combat was 0Ver, were contended, by his counsel in the court below, io *-ie inadmissible evidence; and the question which it now becomes necessary to examine, is, whether or not that court was correct in deciding the evidence to be admissible, and allowing it to go to the jury.
TesLiug this question by the principle which usually governs courts in the admission of evidence, it is obvious that the statement of the witness, so far as it went to detail the expressions of the defendant for which an action of slander might be sustained by the plaintiff, was incompetent evidence in this ease, and ought not have been admitted. Those statements were undoubtedly no way calculated to illustrate the truth of any fact put in issue by the pleadings; and, generally speaking, nothing which in itself constitutes a cause of action, and which is not contained in the declaration, pan be proved in aggravation of damages.
(r,) Abusive language, actionable „sed by de-Cendant to ¡jj ended, and at a different !^rissib]enot evidence;
Bibb, for appellant 5 Monroe and Sharp., for appellee.
(5) Willi respect to the residue of the statement jmade by the witness, as to what was said by the defendant at the place of the combat, it admits of more doubt, We think, however, that nothing which was said after the combat was over, ought to have been permitted to go in evidence to the jury. Confessions of a party, voluntarily made, are, no doubt, always competent evidence; but it is not discerned, how language spoken of the plaintiff by the defendant, aftpr an injury is commit-fed, though ever so aggravating and provoking, can aggravate the injury, or justify the jury in giving greater damages than would be otherwise proper to be given.
The court, therefore, erred ip admitting the evidence, and consequently the judgment must be revers? ed with costs, the cause remanded to that court, and further proceedings therq had, not inconsistent with this opinion.

 Tho objection taken by the counsel to the bill of exceptions may be found in a petition for a re-hearing of the case of Cochran’s executors vs. Davis, presented about the time this cause was argued, 5Litt. 126-íi. Tho case of Walton vs. the United States, there ,ited, and which was also relied upon in tips argument, is. since re-;, ported, 9 Wheaton 657.