PETITION FOR A RE-HEARING.
It is suggested with great deference, that the question of the authority, to revise here, the decision of the circuit court, overruling the motion for a new trial, when no exception was taken to the decision there, deserves farther consideration, before the power is exercised, and a precedent made. There- is no such precedent in this court, nor elsewhere, know» to the counsel.
Petition for a re-h earing.
It is stated in the opinion delivered, that there is no formal exception to the opinion of the court, overruling the motion, And on this recognition of the state of the record, the question might be discussed; but there is, in fact, no exception upon this matter, what-’ ever. The only bill of exceptions found in the transcript of the record, is the one filed at the term succeeding the final judgment, and in that the appellant complains of nothing, but the refusal of the court* to instruct the jury as he had moved; no mention is made of the new trial, nor is the motion alluded to.
The court goes on the ground, that the new trial having been asked, the unwillingness of the appellant to acquiesce in the verdict and judgment, is sufficiently shewn, and therefore, no exception to the decision, refusing to grant the new trial, was necessary, that the whole of the evidence having been stated in the bill of exceptions, taken to the decisions, in the progress of the trial, this court can judicially notice the error of the jury.
These positions seem to be reasonable at first view, but it is respectfully insisted, they do not consist with the rules of law, as they are written.
The motion for the new trial, did shew the unwillingness of the mover at that time, to acquiesce in the verdict, but it could not have shewn the unwillingness of the party, to submit to the judgment of the court overruling the motion, because no such judgment was then rendered, and it could not have been known, vyhat judgment thp court would give. An unwillingness of the party, to acquiesce in the decision of the court, to amount to an exception to the decision, must be always manifested after the opinion has been pronounced; and, as the counsel would contend, this dissatisfaction with the judgment of the court, must be in the form of an exception to it. A ipotion to the courtis one thing; an objection to a motiqn, or opposition to a motion is another thing: these come before the decision of . the court; and an exception to the decision, is anothe'r thing: it comes afterwards, and is taken to the judgment of the court, by the party overruled, Now, if these views be correct, and if this *61 unwillingness or opposition of the party,,evinced by his motion for a new trial, can be taken as equivalent to an exception to any thing, it must be taken for his exception to the verdict which had been rendered, and not to the judgment of the court, overruling the motion for the new trial, pronounced one full term afterwards.
Petition for a re"hearin°'
In other words, if shewing an unwillingness. to acquiesce in the verdict, by asking for a new trial, be equal to an exception, still the judgment of the court, overruling the motion for the new trial, escapes by full three full months: and there is nothing on the record, shewing an unwillingness to acquiesce in that judgment. There is, indeed, no other entry on the record, at that or any other preceding term; but the prayer for an appeal, (which can, no more than can a writ of error, supply the place of a bill of exceptions,) and the bill of exceptions taken and filed nunc pro tunc to the decisions of the court, given on the trial, before the verdict was rendered, which, therefore, is no exception to even that, and much less to the refusal of the court, to set it aside three months afterwards. Indeed, the profound silence of this bill of exceptions, as to the motion. for the new trial, filed the term after it was overruled, argues strongly that the party had acquiesced in that"decision. But it is needless to rely on grounds of this sort. There is nothing in all the record, except it be the assignment of error made in this court, which brings into question the decision of the court, overruling the application for a new trial of the cause.
It must here be kept in view, that it is points of law, ruled by the judgment that the court can revise, and not’decisions of the jury; and, therefore, the exceptions taken must be to his decisions. Or if a manifestation of unwillingness to acquiesce, shall be taken as equal to an exception, it must be an unwillingness to submit to the decision of the judgment, evinced after he has decided. These ideas are fully supported by the case of Walton vs. U. States, 9 Wheaton, 657-8; and, indeed, that case proves that the formal exception is indispensable. There the supreme court, in speaking of an objection taken by the government, to a bill of exceptions taken by Walton, after the verdict *62 was rendered, use these words: “It is true the bill of exceptions states, that the evidence was objected to, at the trial, but it is not said that any exception was then taken to the decision of the court, so that, in fact, it might be true, that the objection was made, and yet not insisted on by way of exception.” Here the difference between an objection to an apprehended decision of the court, and the insisting upon that objection, after the decision is given, by way of exception, is manifest. Walton’s objection was probably mudé immediately before the court admitted the evidence, and, because he did not, after the decision, insist on bis objection, by way of exception, the supreme court (wlio have never been charged with technicality) closed their ears to his complaints. In our case, the court was moved by the appellant, to set aside the verdict; and after one vacation of consideration, overruled, the motion and the appellant omitted, to even allege an objection to the decision, much less did he insist on his objection, by way of exception.
Petition for re-hearing. »
It makes no difference, that our case is of a motion for a new trial, and the case cited, was of an objection to testimony. The case of Goodridge vs. Goodridge 2 Marshall, 269, taken in connection with Walton’s case, makes a case running upon all fours with the case at bar. In the case of Goodridge, a bill of exceptions was taken by the defendant on the trial, to the decisions given by the court, on points of instruction, as in our case; and in that bill, all the evidence was stated, and after the verdict was rendered, a new trial was moved and granted; but, as in our case, no bill of exceptions was taken to that decision. On the second trial, the jury found otherwise, and the plaintiff, for whom the first verdict had been given, brought the case here, and assigned for error, that the circuit court had erred in granting the new trial. But the court said, we do not think it necessary to decide on the question, whether the court below did right or not; for the plaintiff having acquiesced in the decision of the court, awarding the new trial, cannot be presented afterwards, to question its correctness. That the acquiesence here, means nothing more than the omission to insist on the objection to the new trial, by way of exception, is manifest from Walton’s case.
Petition for a re-hearing,
There is something imposing at first view, in the circumstance of all the evidence being found on the record, and that not sufficient to support the and a new trial refused, and an assignment of error in that decision of the judge; and if the court were left at large, it ought, doubtless, to revise the decision; but Ha lex scripta est. Anciently no new trial could be granted by even the judge, who tried the cause. Afterwards, the judges presiding, exercised this power; but no writ of error lay to revise the decisions, granting or refusing the new trial, on any grounds whatever, even for errors upon questions of testimony, or instructions to the juryq until the statute of 'Westminster, 2, (spoken of by the supreme court, in the case cited, re-enacted in Virginia, in 1789, and here in 1798; 1 Digest, 188,) by which aet the judges were required, whenever a party alleged an exception, to sign and seal it, and have it enrolled. Now, it is by this means and this only, alleging the exception (not merely making a motion, or making an objection, and after the decision, failing to insist on it,) and having that exception allowed, sealed and enrolled, that the decision of the courts of original jurisdiction, on motions for new trial and the like questions, can be revised by writ of error, or an appeal in the nature of it. It is adjudged, and precedents must be followed, that objections are not enough; the party must insist on his point by an exception. This is an act in the nature of a protest, challenging the error, and warning .the adversary party, that it is reserved for revision. As to the error that may appear in the acts of the court and parties, by the regular parts of the record; I mean such as constituted the record before bills of exceptions were introduced; i/iese.shall be corrected without having been challenged when they occurred. Though advantages may be lost, we know in even this part of the case, by the party’s omission to insist on the error in proper time and form.
Petition overruled by the court.