Mr. Justice Smith
delivered the opinion of the court.
This was an action on the case brought bythe plaintiff in error against Jesse Jones, a constable for the county of Copiah.
The injury complained of, was, that the defendant, acting in the capacity of constable, had made an excessive levy on the property of the said plaintiff, maliciously intending, by that means, to harass and oppress him. That for the purpose of sacrificing the property levied on, intending maliciously to injure the plaintiff, he requested the persons attending the sale not to bid, representing to them, that he, the said constable, intended to purchase the property for the benefit of the wife of the party under execution, and that, in consequence of said representations, the bystanders were induced not to bid. And that, for the purpose aforesaid, of maliciously injuring the plaintiff, the said Jones, as constable, levied on a horse of great value, and having the said horse in his possession, did ride, abuse, and greatly injure him, &c.; in consequence of which riding and abuse, the horse at the sale was sold for a sum greatly below his value.
Issue was joined, and verdict found for the defendant; and judgment thereon was rendered against the plaintiff, who has removed his cause into this court, by writ of error.
But one exception has been taken. This refers to the refusal of the court to instruct the jury “ that a purchase by a constable at his sale, is void.” This exception appears by the plaintiff’s bill of exceptions, not to have been taken on the trial of the cause. The bill of exceptions, it is true, shows that the instruction was asked for and refused; but it does not show that the exception to the *498 opinion of the court was taken before the verdict. And it is a settled principle, that no bill of exceptions is valid, which is not for matter excepted to at the trial. United States v. Watton, 9 Wheaton, 651.
But on examination of the record, we find an error for which the judgment must be reversed. The record does not show that the jury who tried the issue were sworn. The statement is, that afterwards, to wit, &c., comes the following, who upon their oaths do say, &c. This is not sufficient. It must appear affirmatively on the record, that the jury, to whom the issue was submitted, were sworn, or it will be error.