Mr. Chief Justice Shareet
delivered the opinion of the court.
In the argument of this case the counsel for the defendant in error, the plaintiff below, has raised an objection to the bill of exceptions taken at the trial, which must be sustained and will dispose of the case. However technical the objection may seem to be, yet it is supported by reason as well as by high authority directly to the point. The objection is, that the exceptions do not appear to have -been taken before the jury retired from the box. The. language used in the commencement of the bill of exceptions is as follows: “Be it remembered that on the trial of this cause, and before the jury retired from the bar, the defendants offered to prove, &c.” Now this is only a recital of what the defendants offered to do and the time'at which the offer to prove was made, but it does not appear when the exception was taken to the ruling out of' their testimony. It may be, for aught that appears in the bill of exceptions, that the defendants never thought of excepting until a verdict was rendered against them. There is nothing in the conclusion of the bill of exceptions which will help it, It is in these words: “ to which several opinions of the court the defendant excepts and tenders this his bill of exceptions, which is signed, sealed and made a part of the record.” It appears that the court had given certain opinions to which the *573 defendants excepted, but whether the exception was taken when the opinions were given, is a matter that does not appear. Although the present time is used, yet it only refers to the time of taking the exception, and whether that was done before or after the jury retired, is left entirely uncertain. It must appear affirmatively that the exception was taken pending the trial, and if it does not so appear, the error is fatal. Walton v. The United States, 9 Wheat. Rep. 651.
The second bill of exceptions was taken to the opinion of the cornt, in overruling a motion for a new trial, and is also defective because it does not contain the evidence given on the trial as it should have done, nor is there any reasons given in support of the motion. The testimony as set out in the first'bill of exceptions, is relied on to aid and support the second, but the first being fatally defective, cannot be brought in to sustain the second.
The judgment must be affirmed.