TotteN, J.,
delivered the opinion of the court.
The action is covenant on a warranty of title to land. The defendant pleaded covenants performed and a special plea allegeing champerty in the contract. At the first trial there was verdict for the plaintiff, and a new trial was granted. At the second trial, January 9, 1841, a verdict and judgment were rendered for the plaintiff; the defendant thereon appealed to this court, where the judgment was reversed and the cause remanded for another trial. A third trial was had: verdict for the plaintiff and new trial' granted. *78 At January Term, 1851, a fourth trial was bad: verdict for the plaintiff for seven hundred and eight dollars and nineteen cents, and a new trial granted. And at May Term, 1851, on a fifth trial, there was a verdict for the defendant. The plaintiff thereon moved the court, to render judgment rmno pro inmo, in his favor, on the verdict found at January Term, 1851,' which the court refused, and rendered judgment for defendant, whereon the plaintiff appealed in error to this court.
1. We think the court erred in refusing to render judgment on the fourth verdict in the case. The second verdict was set aside for errors of law committed by the court; but as to the first, third and fourth verdicts no such error or other irregularity appears of record.
By the Act 1801, ch. 6, § 59, not more than two new trials shall be granted to a party in the same cause. That is, where the trial has been upon the facts and merits of the case. But the Act does not apply to motions for new trial, founded upon errors of law committed by thb court, or misconduct on the part of the jury, or the like cause. These are to be considered as exceptions to the general rule declared by the stutute. And if the record be silent as to the cause for which the new trial was granted, we are to presume that it was granted • upon the merits, and not for any special cause, excepted by judicial construction, from the inhibition of the statute. Trott vs. West, Meigs’ R. 166, Turner vs. Ross, 1 Humph. R. 16. The proper practice, under this restrictive statute, is to state in the order the cause for which the new trial is granted.
2. A bill of exceptions taken at the final trial is relied upon by defendant’s counsel, to show that the new trials were granted, not upon the merits, but for misdirection *79 on. tbe part of tbe judge. It states, imperfectly, tbe impressions of tbe judge as to wbat occurred at tbe former trials.
¥e cannot regard it as a valid bill of exceptions oí-as forming any part of tbe record in tbe case.
A bill of exceptions is for matter excepted to at tbe trial and ascertained before tbe verdict. It is not requisite that it be formally signed before tbe trial is at an end. It is sufficient if tbe exception be taken at tbe trial and noted by tbe court; and it may, during tbe term, be reduced to form and signed by tbe judge. Walton vs. U. States, 9 Wheaton, 657.
In ex parte, Martha Bradstreet, 4 Peters’ B. 106, tbe court say it would be dangerous to allow a' bill of exceptions of matters dependent on memory, at a distant period, when tbe Judge may not accurately recollect them, and be ought not to allow it. If tbe party intends to take a bill of exceptions be should give notice to tbe judge at tbe trial; and if be does not file it at tbe trial, be should move tbe judge to assign a reasonable time within which be may file it. But we think that tbe time should be limited to tbe term when tbe trial is bad; unless tbe judge shall deem it proper, in a special case, to make an express order in tbe term, allowing a further time to prepare it.
Tbe judgment of tbe circuit court will be reversed,, and judgment rendered for tbe plaintiff, as before indicated.
Judgment reversed.