Harris, J.,
delivered the opinion of the Court.
In this case, the grounds relied upon by the plaintiff in error for reversal of the judgment in the Court below, are presented in a bill of exceptions, signed and sealed by the Judge, but shown by the record to have been done after the final adjournment of the Court and close of the term at which the trial took place. And it is insisted by defendant in error that it cannot be regarded as a valid bill oi’ exceptions, or as forming a part of the record of this cause, and the case of Staggs vs. The State, 3 Hum., 372-375, is relied upon to support this objection. In that case, the Court held that “ a bill- of exceptions taken and sealed by the Court at a term subsequent to the one at which a prisoner was tried, and where an appeal had been granted, and the case was out of Court, cannot be noticed as a part of the' record.” But it is said that this case does not full within the principle laid down in the case of Staggs vs. The State, because the record here shows that, to the “ opinion of the Court (overruling the motion for a new trial) the defendant excepts in law, and prays an appeal in the nature of a writ of error *79 to the next term of the Supreme Court at Knoxville,” “ and it being the last case heard and tried during the term, and the Court being desirous to adjourn, by consent of both parties, the counsel has leave until the 1st day of April next to make out the bill of exceptions, which, when made out and filed, signed and sealed by that term, to be a part of the record in the cause, and the said defendant, having entered into bond with security for the prosecution of said appeal, the same is hereby granted him.” “ On the 18th day of March, 1854, the defendant, by Attorney, filed his bill of exceptions.”
It is insisted that the case of Ferrill vs. Alder, Adm’r., &c., reported in 2d Swan, 77, is an authority to support this proceeding. In that case the Court say: “ A bill of exceptions taken at the final trial is relied upon by defendant’s counsel, to show that the new trials were granted, not upon the merits, but for misdirection on the part of the Judge. It states, imperfectly, the impressions of the Judge as to what occurred at the former trials. We cannot regard it as a valid bill of exceptions, or as forming any part of the record in the case.”
This authority is consistent with and supports the case of Staggs vs. The State. The Judge continues, “ A bill of exceptions is for matter excepted to at the trial and ascertained before the verdict. It is not requisite that it be formally signed before the trial is at an end. It is sufficient if the exception be taken at the trial and noted by the Court, and it may, during the term, be reduced to form and signed by the Judge.” Referring to Walton vs. The United *80 States, 9 Wheaton, 657. In ex parte, Martha Bradstreet, 4 Peters’ R. 106, the Court say, “ It would be dangerous to allow a bill of exceptions of matters dependent on memory, at a distant period, when the Judge may not accurately recollect them, and he ought not to allow it. If the party intend to take a bill of exceptions, he should give notice to the Judge at the trial; and if he does not file it at the trial, he should move the Judge to assign a reasonable time within which he may file it. But we think (continues the Court,) that the time should be limited to the term when the trial is had ; unless the Judge shall deem it proper, in a special case, to make an express order in the term, allowing a further time to prepare it.” This last sentence is relied upon to sustain the case before, us. That question was not in judgment before the Court; it was a mere incidental remark upon a question of practice not involved in that case, nor the case of Staggs vs. The State. In the case of the Louisville and Nashville Railroad Company vs. The County Court of Davidson county, et al., 1. Sneed, 695, the Court say, “The generality of the language used in an opinion is always to be restricted to the case before the Court, .and is only authority to that extent. The reasoning, illustrations, or references contained in the opinion of a Court, are not authority, not precedent, but only the points in judgment arising in the particular case before the Court.”
Applying this rule, both the case of Staggs vs. The State and Ferrill vs. Alder, hold that a bill of exceptions signed by the Court and filed after the rise of *81 the term at which the trial took place, cannot be regarded as part of the record in the cause. And we think it would be .dangerous to depart from it as a rule of practice. We therefore, do not regard the bill of exceptions filed in this cause as part of the record. Nor d.o we recognize the power of the Judge after the adjournment of the term, out of Court, to make any alteration in or addition to the record, even where, by an order, he reserves that right, and more especially after an appeal has been taken, and the cause in legal contemplation is out of his Court.
And this we do the more readily in the case before us, for the reason, that we do not incline to the opinion that the objections presented in the bill of exceptions are tenable, even if they have been properly presented. We however, do not consider the' questions as before us for our determination. The judgment of the Circuit Court will be affirmed.