HERBERT (BARNARD v.). See Case No. 1,-347.

HERBERT (BERNARD v.). See Case No. 1,-347.

## Case No. 6,397.

### HERBERT v. BUTLER.

[14 Blatchf. 357.] [2]

Circuit Court, E. D. New York. Dec. 5, 1877.

BILL OF EXCEPTIONS—ALLOWANCE AFTER LAPSE OF TWO AND A HALF YEARS.

After a lapse of two and a half years, this court refused to allow a bill of exceptions to be signed and filed, no step looking to that end having ever been before taken, and a writ of error in the case being pending in the supreme court.

[Cited in Linder v. Lewis, 1 Fed. 380; Whalen v. Sheridan, 5 Fed. 438.]
[Cited in Che Gong v. Stearns, 16 Or. 219, 17 Pac. 873.]

[1] [Reported by Hon. William Cranch, Chief Judge.]
[2] [Reported by Hon. Samuel Blatchf. Circuit Judge, and here reprinted by permission.]

[This was an action at law by Jasper K. Herbert against Benjamin F. Butler.]

John H. Bergen, for plaintiff.
John E. Develin, for defendant.

BENEDICT, District Judge. This cause was tried before the court and a jury at the May term, 1875. During the trial various rulings were made by the court, to which exceptions were taken and then noted. At the close of the testimony, the court directed a verdict for the defendant, to which direction the plaintiff then excepted. Under the direction of the court the jury found a verdict for the defendant, and judgment was then entered in favor of the defendant, for costs. Neither at that time nor since was any application made for a stay of proceedings upon the verdict. Nor was any consent ever given, nor order ever granted, giving time either to make a bill of exceptions, or to make a case and turn the same into a bill of exceptions. Until now no application was ever made for the allowance of a bill of exceptions, nor has any bill of exceptions been presented for settlement and signature. On the 23d of June, 1875, a writ of error was duly issued and served, and thereafter the record, with the case to be hereafter referred to, was transmitted to the supreme court of the United States, where it remains. On September 19th, 1875, a case, bearing the endorsement: "Agreed to, Develin & Miller, Att'ys for Defendant," was presented to the judge who tried the cause, who then, upon the request of the defendant, wrote thereon, below the said endorsement, the further endorsement: "Settled as within, pursuant to the above consent." As before stated, this case has been transmitted to the supreme court, as part of the record. In this position of the cause the plaintiff moves the court for an order directing the signing, sealing and filing of a bill of exceptions herein, as of the 1st day of June, 1875, and presents the case above referred to to be now signed and sealed as a bill of exceptions. The motion is opposed by the defendant, mainly upon the grounds, first, that it was never consented, in behalf of the defendant, nor ordered by the court, that the case might be turned into a bill of exceptions, and that, in the absence of such consent or order, the court, now, after the lapse of several terms of the court, is without power to make such an order in the cause; second, that the cause has been removed from this court to the supreme court of the United States, and that, until the record shall be transmitted by the supreme court to the circuit court, the latter court can make no alteration of the record.

I am constrained, by the authority of decisions of the supreme court of the United States, to deny this motion. This case differs from the case of Williamson v. Suydam [Case No. 17,756], and [Suydam v. Williamson] 20

How. [61 U. S.] 427, relied on by the plaintiff. In that case, the right to make a case and to turn the case into a bill of exceptions was reserved at the trial, while, here, no such right was reserved, nor any such permission given. In U. S. v. Breitling, Id. 252, the signing of a bill of exceptions after the term was upheld only upon the ground that a consent to extend the time of settling a bill of exceptions was to be presumed from the circumstances of that case, but with the announcement from the supreme court, that "that case went to the extreme verge of the law upon this question of practice." Müller v. Ehlers, 91 U. S. 249.

The case last cited is decisive of the present application. In that case, an ex parte order, directing a bill of exceptions to be filed as of the date of the trial, was treated as a nullity, for want of power. In this case, the application is the same, but the defendant has notice of the application, and appears, to deny the power of the court to grant such an order. The order applied for, if granted, would also be a nullity, because the term at which the trial was had and the judgment rendered was allowed to end without any steps whatever being taken towards the allowance of a bill of exceptions, or to obtain an extension of time for that purpose, and there is no circumstance from which to infer a consent to such an extension. It is true, that a case was agreed to by the defendant after the expiration of the term, but a case is not a bill of exceptions, and cannot be turned into a bill of exceptions unless an order is made to that end, and, in pursuance of such an order, the bill of exceptions is duly signed and sealed. And, according to the decision of the supreme court, the power to sign and seal a bill of exceptions in this cause ceased with the term at which the cause was tried. I notice, indeed, that it is intimated by the opinion delivered in Müller v. Ehlers [supra], that, "under very extraordinary circumstances," the power to sign and seal a bill of exceptions may be exercised after the expiration of the term, but the action of the court upon the circumstances of that case appears to forbid me to consider the circumstances of the present case as sufficient to justify the order now applied for. If the correctness of my understanding as to the rule intended to be laid down by the supreme court of the United States is doubted, the plaintiff may think fit to disclose to that court the facts attending the case, upon an application to the court to have the record transmitted to this court, for the purpose of obtaining an allowance of a bill of exceptions, and the signing and filing of the same, in which case a direction by the supreme court that the record be transmitted for such a purpose would imply the existence of power in this court, under the circumstances of this case, to grant the relief sought, and would dispose of both the grounds of objection that have been taken to any action of this court at this time. The motion must be denied, with liberty to renew the same in case the record be transmitted as above indicated.

[NOTE. The action of the judge in directing a verdict for the defendant on the trial of the case was affirmed by the supreme court in an opinion by Mr Justice Bradley, who said there was not sufficient evidence to sustain a verdict in plaintiff's favor, even if the case had been submitted to the jury. 97 U. S. 319.]