## WHALEN v. SHERIDAN.

*(Circuit Court, S. D. New York.   August 19, 1880.)*

1. PRACTICE—BILLS OF EXCEPTION—FILING AFTER TERM.
    The power to reduce exceptions taken at trial to form, and have them signed and filed, is confined, under ordinary circumstances, to the term at which the judgment was rendered.
    *Muller* v. *Ehlers*, 91 U. S. 251.

2. SAME—SAME—SAME.
    A stay of proceedings was granted plaintiff for 60 days from August 27, 1879, in order to enable him to prepare a bill of exceptions. Judgment was subsequently rendered December 27, 1879, and the term at which it was entered expired April 3, 1880. *Held*, under these circumstances, that a motion to file a bill of exceptions after the expiration of the term, upon the ground of sickness from about February 25th to the latter part of May, 1880, and subsequent poverty owing to such protracted sickness, should be denied.

3. SAME—SAME—NEW YORK CODE OF PRACTICE.
    The rules of the New York Code of Practice have no application to writs of error and bills of exception in the United States courts.—[ED.

Motion for leave to file and serve a bill of exceptions *nunc pro tunc*.

*Scott Lord* and *C. C. Egan*, for plaintiff.

*S. B. Clarke*, Ass't Dist. Att'y, for defendant.

CHOATE, D. J.   This is a motion for leave to file and serve a bill of exceptions *nunc pro tunc* under the following circumstances:   The action was for damages alleged to have been caused by a trespass committed in 1867.   At the October term, 1878, on the twentieth day of December, 1878, the defendant had a verdict, and thereupon a stay of proceedings for 60 days was granted to the plaintiff.   On the eighteenth of February, 1879, on the plaintiff's motion, a further stay of 60 days, after a motion for a new trial should be decided, was granted for the purpose of enabling the plaintiff to prepare a bill of exceptions.   In April, 1879, the motion for a new trial was argued, and on the twenty-eighth of August, 1879, an order was entered denying the motion for a new trial.   On the twenty-seventh of December, 1879, judgment was entered for the defendant on the verdict, and for his

costs. On the thirteenth of April, 1880, a writ of error was allowed, bond filed, and citation served. On the same day a proposed bill of exceptions was served on defendant's attorney, and returned to the plaintiff's attorney. On the twelfth of August, 1880, this motion is made. The plaintiff's affidavit shows that from about the twenty-fifth of February to the latter part of May, 1880, he was confined to his bed by severe sickness, and unable to attend to business; that when he partially recovered "he was unable, though continually endeavoring for a long period of time, owing to his proverty, sooner to serve exceptions, as, owing mainly to such protracted sickness, he had no means to pay counsel to prepare the same." The term of the court at which the judgment was entered expired April 3, 1880.

It is entirely clear that upon those facts the motion must be denied. The rule governing the case is thus laid down by the supreme court in *Muller* v. *Ehlers*, 91 U. S. 251: "As early as *Watton* v. *U. S.* 9 Wheat. 651, the power to reduce exceptions taken at the trial to form, and to have them signed and filed, was, under ordinary circumstances, confined to a time not later than the term at which the judgment was rendered. This, we think, is the true rule, and one to which there should be no exceptions, without an express order of the court during the term, or consent of the parties, save under very extraordinary circumstances." Without considering the question raised by defendant's counsel of the power of the court to grant the motion, it is enough to say that the plaintiff fails entirely to show any extraordinary circumstances justifying the exercise of the power. He had 60 days from August 27, 1879, expressly granted for the purpose of preparing his exceptions. The term continued till the third of April, and during all this time he neither shows any disability on his part, nor makes any explanation of his delay and failure to act, which can be accepted as a satisfactory excuse for inaction. He did not even ask the court, during the term, to extend his time to prepare his bill of exceptions, nor does he show any excuse for not asking further time. To grant the motion would be a mere evasion of the rule de-

clared by the supreme court as applicable to such cases. See, also, *Herbert* v. *Butler*, 14 Blatchf. 357; *Eagle Manuf'g Co.* v. *Draper*, Id. 334.

It is suggested that the rules of practice, under the New York code of procedure, entitle the plaintiff to relief. The rules of the state code of practice can have no application to writs of error and bills of exception in the United States courts—proceedings entirely unknown in the state practice in civil causes.

Motion denied.