## COE *v.* MORGAN and others.

*(Circuit Court, N. D. New York.    September, 1882.)*

PRACTICE—EXTENSION OF TIME TO FILE BILL OF EXCEPTIONS.

    Where an attorney, through unfamiliarity with the rules of practice, has failed to have a bill of exceptions served, settled, and signed within the prescribed time, or to obtain an extension of time at the trial term, the court may, before judgment is entered and while the case is still pending in the circuit court, in its *sound discretion, to prevent manifest ha·dship,* relax the rule and allow additional time in which to serve and settle the proposed bill of exceptions.

*Beach & Brown,* for plaintiff.    *P. C. J. De Angelis,* of counsel.

*E. Wood,* for defendant.    *W. F. Cogswell,* of counsel.

COXE, D. J.    This is a motion by plaintiff for leave to serve a bill of exceptions. The action involves over $30,000, and indirectly over $60,000. The questions of law presented are both novel and important. That the case is one which should be examined by the su-

preme court is not disputed. The failure to serve the bill of exceptions in time arose wholly through inadvertence, and because of the unfamiliarity of the attorney for the plaintiff with the practice in the federal courts. As soon as he was informed of his error he served the proposed bill. This was about three weeks subsequent to adjournment of the court at which the action was tried. No bad faith is alleged, and no injury to the defendants by reason of the delay is suggested. But it is contended that because the plaintiff did not procure the bill of exceptions to be served, settled, and signed, or obtain an order extending time at the trial term, he is now out of court and remediless.' The attorney was no doubt guilty of laches, but the punishment suggested is out of all proportion to the fault. No judgment has been entered; the parties are still in the circuit court. In the absence of a positive statute there can be no valid reason why the court, in the exercise of a sound discretion should not relax its rules sufficiently to provide for a case of such manifest hardship.

In the cases relied on by the defendants, (*Walton* v. *U. S.* 9 Wheat. 651; *Muller* v. *Ehlers*, 91 U. S. 249; and *Hunnicutt* v. *Peyton*, 102 U. S. 333,) the bill of exceptions was not filed or signed until after judgment, and, in the last two cases named, not until after writ of error. These cases are clearly distinguishable from the case at bar. It is conceded by the defendants that if the attorney had applied either to the court or to the opposing counsel the requisite time would assuredly have been given. Should the failure of the attorney to observe this conventional procedure, in a practice not altogether free from obscurity, be regarded as a fatal and incurable error, and be visited upon the client with the possible loss of $30,000?

It is thought that the court is not fettered by rules so unyielding; that this default is one which may in the discretion of the court be opened; and that plaintiff has shown a sufficient excuse to warrant the granting of the relief asked for.

An order may be entered allowing the plaintiff 10 days in which to serve his proposed bill of exceptions, and the defendants 30 days in which to serve amendments; all proceedings on the verdict to be stayed until the bill of exceptions is signed. In accordance with the suggestion of defendants' counsel, the order may also provide that all papers used on this motion be made part of the record, to be transmitted for review to the supreme court.

BILL OF EXCEPTIONS. The time for drawing up and presenting to the court a bill of exceptions depends on the rules and practices of the court and its judicial discretion, (*Yates* v. *Turner*, 16 How. 14; *U. S.* v. *Breitling*, 20 How.

252;) but it cannot be signed after the term, unless during the term an express order has been made allowing such a period to prepare it, (*Bradstreet* v. *Thomas,* 4 Pet. 102; *Greenway* v. *Gaither,* Taney, 227;) and if the court adjourns the term without an application for an extension of time, the order at a subsequent term permitting it to be filed as of the date of the trial is a nullity, (*Muller* v. *Ehler,* 91 U. S. 249; *Herbert* v. *Butler,* 14 Blatchf. 357.) The signing of the bill of exceptions is not regulated by practice of the state courts unless that practice is adopted by rule. *U. S.* v. *Breitling,* 20 How. 252; *Whalen* v. *Sheridan,* 5 FED. REP. 436. Notwithstanding the rule of court requiring a bill of exceptions to be drawn up within 10 days after the trial, a case may be excepted from the rule when it is just to do so. *Marye* v. *Strouse,* 5 FED. REP. 494. The power to reduce exceptions taken at a trial to form, and have them signed and filed, is confined under ordinary circumstances to the term at which judgment is rendered. *Whalen* v. *Sheridan,* 5 FED. REP. 436. Poverty or pecuniary embarassment is not a sufficient ground for a motion to file a bill of exceptions *nunc pro tunc;* it is not such "an extraordinary circumstance" as will defeat the rule of diligence in civil procedure in federal courts. *Whalen* v. *Sheridan,* 10 FED. REP. 661.—[ED.