McGregor and others *vs.* Cleveland and others.

Where a party excepts at the circuit, if the bill of exceptions is not sealed at the trial, he must prepare his bill and serve a copy within two days after the trial on the opposite party, who has four days to propose amendments, &c., as in the settlement of cases.

Practice as to settlement of bill of exceptions. This cause was tried at the Washington circuit on 10th June last. Exceptions were taken by the defendants to decisions of the judge in the progress of the trial, and after the testimony was closed on both sides, the counsel excepting, in the presence of the opposite counsel, stated and repeated his exceptions to the judge who noted the same. A few days after the circuit, the defendants' attorney drew up a bill of exceptions in form, and handed the same to the judge; and on the 16th July, informed the plaintiffs' attorney that the bill had been given to the judge to correct by his minutes, and then to sign and seal it; at the same time asking the plaintiffs' attorney if he wished notice in writing of the proceedings, who answered that he did not. On the 24th July, the bill was received by the defendants' attorney, duly sealed, and on the 30th of the same month he informed the plaintiffs' attorney of the same; who then served him with a notice of taxation of costs, and on the first day of the last August term filed the postea and entered rule for judgment nisi; and on the 14th August, the judgment having been signed and roll filed, issued an execution which was levied on the property of the defendants. Previous to this, to wit, on the first day of term, a copy of the bill of exceptions, as sealed by the judge, was served on the plaintiffs' attorney.

On this state of facts cross motions were made by the parties; by the defendants to set aside the judgment and execution; by the plaintiffs to set aside the bill of exceptions, both as for irregularity.

ALBANY,
October, 1829.

McGregor
v.
Cleveland.

*I. Williams*, for plaintiffs.

*S. Stevens*, for defendants.

*By the Court*, SAVAGE, Ch. J. There is no established rule as to the settlement of bills of exceptions. In this case the points upon which the questions arose were stated at the circuit and noted by the judge, but the opposite party was not served with a copy of the bill previous to its being sealed, nor had he notice of the time and place of its settlement. This we have repeatedly intimated as necessary, to give the opposite party the opportunity of proposing amendments; (3 Cowen, 33; 7 Cowen, 102; id. 107;) although the question has not been distinctly presented until now. It may therefore well be doubted whether the bill of exceptions was regularly obtained; yet as both parties have acted in good faith, and as the practice perhaps cannot be considered as settled, we think this a fit occasion to say what should be the practice in such cases, while at the same time we secure to each of these parties the fruits of the diligence, by making such a disposition of the motions as that the plaintiffs shall not loose the lien they have obtained by the judgment and execution, nor the defendants the benefit of their exceptions. In cases where exceptions are taken at the circuit, if the bill be not sealed at the trial, the same practice should prevail in the settlement of the same as is provided by the general rules of the court for the making and settlement of cases. The party excepting should prepare his bill of exceptions, and within two days after the trial serve a copy thereof on the opposing party, who, within four days thereafter should propose his amendments thereto, and serve a copy on the party who prepared the bill of exceptions, and then such further proceedings may be had as are had in the settlement of cases. The bill from the time of its delivery, with the

amendments, to the judge for settlement, will operate as a stay of proceedings.

In the present case we order that the judgment and execution remain, but that all proceedings thereon be stayed until, &c., and that the bill of exceptions be referred to the circuit judge to be settled, on a notice of eight days to be given by the defendants, to the end that it may be argued or otherwise disposed of.