STRADER, PERRINE & CO. *vs.* ALEXANDER et al.

1. It is not a valid objection to a bill of exceptions, that it was signed after the adjournment of court.

2. In an action by the endorsee of a promissory note, against the maker, an objection, that the declaration omits to set out the name of one of the endorsers, is not available after verdict.

3. But where an endorsement is alleged, and the note does not correspond with the allegation, it will be rejected.

Error to the County court of Mobile.

Assumpsit on note.

In this case, the declaration alleged a two-fold endorsement of the note, and a blank was left for the name of one of the endorsers, but when the note was produced, all the endorsements were erased except one, and defendant objected to the note, as evidence to support the declaration. Objections were also made to the bill of exceptions, which was signed after the adjournment of the court. The court below permitted the note to go to the jury as evidence, which was now assigned for error.

*Stewart*, for plaintiffs in error.

ORMOND, J.—The first question to be determined, is, what are the allegations of the declaration, as shown by the transcript of the record? After describing the note, and averring its execution and delivery to E. Stevenson, the payee, it proceeds: " who afterwards and before the payment thereof, or any part thereof, to wit, on the day

9 P 56

Strader, Perrine & Co. *vs.* Alexander et al.

and year aforesaid, endorsed and delivered the same to ———, *was* on the same day endorsed the said note to said plaintiffs, and thereby," &c.

We understand this to be an allegation, that the note was by the payee endorsed to some person whose name is not inserted, and by him endorsed to the plaintiffs. A majority of the court attain this conclusion, because, otherwise, the declaration is senseless. It is true, we read the word "*was*," as if it was written *who*, because the context requires us so to read it, and we must intend that it is an error in the clerk transcribing the record. This is our constant practice, where the context clearly shows the error, and indicates the meaning. The plaintiffs derive their title to the note sued on, by two endorsements, and had a demurrer been filed to the declaration, for the omission to set out the name of one of the endorsers, the demurrer must have been sustained. But the defect would have been cured after verdict, as we would have presumed that the necessary proof was made to sustain the declaration.

But the objection here, is to the admission of the note in evidence. The note, when produced, had but one endorsement from the payee to the plaintiffs, and therefore, did not correspond with the instrument declared on, and should have been rejected on the motion of the defendants below. We cannot, as the matter is now presented to us, determine the question which was argued at the bar, as to the right of the plaintiffs below to strike out all the endorsements but that of the payee, and make the note payable directly to themselves, because, if it were admitted that they had the right, it would not vary the case.

When stricken out, it is the same as if their names never were on the note, and it is then the simple question of a note endorsed by the payee to the plaintiffs, offered in evidence to support a declaration which alleges an intermediate endorsement from the payee to the plaintiffs. This was not the note declared on, and as the *allegata* and *probata* must agree, it should have been rejected.

These facts appear from a bill of exceptions, which state that the counsel for the plaintiffs admitted, that he had a few days before the trial, erased and changed the first endorsement, so as to make the note payable to the plaintiffs, and that he had erased the second and third endorsements. The counsel for the defendants below, then objected to the note going in evidence to the jury, but it was admitted by the court—to which he excepted.

Appended to the bill of exceptions, which is regularly signed and sealed by the judge, is a certificate of the judge, as follows : " This bill was presented for signature yesterday, for the first time, the plaintiff's counsel objecting to its being signed, because, he says it is unlawful to sign bills of exceptions, after the minutes of the court are made up and signed. The counsel for the plaintiffs gave notice to the undersigned, before the signing of the court minutes, that he should object to the signing of this bill of exceptions, except done while the court was in session, or before the signing of the court minutes."

The objection, then, is not that the exception was not taken at the trial, or that the facts are untruly stated, but that the bill was not signed and sealed by the presiding judge during the term. The objection cannot prevail. If the exception be taken at the trial, it may be

noted by the judge, and the bill sealed at any time, either during the term or afterwards. Though it is certainly desirable that the bill should be sealed as soon afterwards as possible, while the facts are fresh in the recollection of the judge, and if it be delayed, until from the loss of his note of the points reserved, or from any other cause, it be doubtful what the point was, it would be his duty to refuse to seal the bill. We cannot presume that there was any doubt on his mind, as to the correctness of the statement in the bill of exceptions.

In the case of Pratt vs. Malcolm, (13 Johns. 320,) where the objection was, that a bill of exceptions was signed by two judges only out of three, who composed the court, —the court say, to permit a bill of exceptions to be sealed by one judge only, would be liable to great abuse; for although regularly a bill of exceptions, must be tendered at the trial, yet it is in practice usually reduced to form, and sealed afterwards, and often in vacation. To the same effect, is the case of Clark vs. Dutcher, (19 Johnson, 246.)

In Sikes vs. Ransom, (6 Johnson, 279,) the court refused to award a mandamus to a judge, who refused to amend a bill of exceptions at the succeeding term, because he had forgotten the facts, but the case shows that if the bill had been amended at the next term, it would have been good—(See also 2 Dunlap's Practice, 641, and 1 Sellon's Practice, 469.)

The case of Walton vs. The United States, (9 Wheaton, 651,) has been relied on by the counsel for the defendant in error, but we not conceive that that case interferes with the principles here laid down. The objection there

Strader, Perrine & Co. *vs.* Alexander et al.

sustained by the court, was, that it did not appear that the *exception was taken at the trial:* no question was made as to the time of sealing of the bill; but the bill, when sealed, must show that the exception was taken at the trial, and the bill, when sealed, is sealed *nunc pro tunc.*

In this case, it appears conclusively, from the bill itself, that the exception was taken at the trial of the cause, though reduced to form afterwads, and when sealed, it operates by relation to the time of the trial.

It would be a very different question, if we were asked to compel a judge, after the conclusion of the term, to seal a bill of exceptions: when such a case arises, it will perhaps be considered that the practice of sealing bills of exceptions after the adjournment of the court, is one which ought not to be encouraged, unless the delay be caused by the act of the judge. But these considerations cannot apply, where the judge voluntarily seals the bill after the adjournment of the court, and where, as we must presume, he had the means of stating the facts, and the point reserved for the decision of this court, as it really transpired when the exception was taken.

Let the judgment be reversed, and the cause remanded for further proceedings.