POOL v. THE CAHAWBA AND MARION RAIL ROAD COMPANY.

1. Where the points presented by the bill of exceptions are reserved at the trial, but the bill itself is not drawn up and sealed until six months thereafter, the appellate court, notwithstanding the delay in perfecting the bill, will consider it as a part of the record: and this, although no note of the point was made by the judge when the exception was taken.

WRIT of Error to the Circuit Court of Perry.

A. GRAHAM, for the plaintiff in error.
DAVIS, for the defendant.

COLLIER, C. J.—It is conceded by the parties, that the judgment in this case must be reversed upon the authority of Carlisle

v. The C. & M. R. R. Co., at the last term, if the bill of exceptions sent up with the transcript can be considered as a part of the record.

The bill of exceptions is in the usual form, showing that the points presented by it, were reserved at the trial; but it appears that it was not drawn up and presented for the signature of the judge who presided, until about six months thereafter. In Strader, Perrine & Co. v. Alexander, *et al.* [9 Porter's Rep. 441,] it was considered no valid objection to a bill of exceptions that it was not sealed, pending the term of the court at which the case was tried. The court say, " if the exception be taken at the trial, it may be noted by the judge, and the bill sealed at any time, either during the term or afterwards." The object of taking a note is merely that a recollection of the point may be retained, and not indispensable to the legality of the bill; if, therefore, the judge remembers it, with sufficient distinctness to enable him to certify it as it arose at the trial, he can perfect the bill of exceptions after court. There is certainly some danger of a loose practice growing up under this indulgence, which may lead to misunderstanding between the bench and the bar, but the remedy for this, is with the judge, who may quicken the diligence of the counsel by requiring the bill to be prepared during term time. [See further Sikes v. Ransom, 6 Johns. Rep. 279; Pratt v. Malcolm, 13 Johns. Rep. 320; Walton v. The U. S., 9 Wheat. Rep. 651; Bartlett & Warring v. Lang's adm'rs 2 Ala. Rep, 161.] The cases cited by the defendant's counsel from 3 Cow. Rep. 33, and 3 Wend. Rep. 312, depend upon rules of practice of local application in New York, and conseqtently have no influence here.

The judgment is reversed, and the cause remanded.