VICKSBURG & MERIDIAN R. R. CO. vs. L. A. RAGSDALE.

1. BILL OF EXCEPTIONS: *Its object.*
   The object of a bill of exceptions is to perpetuate a history of what transpires on the trial for the use of the appellate court, or so much thereof as the party excepting desires to have reviewed. It was unknown to the common law. It was created by the statute of Westminster 2d. The purpose is to certify to the court of review, matters not of record proper, arising during the trial, which by this mode becomes a part of the record in the cause. It is the duty of the judge to sign and seal it. This is a mere ministerial act, which the law requires the judge to perform. Van Buren *v.* The State, 24 Miss., 514.

2. SAME: *Practice of the courts. Time of "taking." Time of signing.*
   The exceptions must be taken at the time the ruling complained of is made. If it be the competency of a witness, the admissibility of evi-

dence, or instructions to the jury, or refusal to instruct, the objection to the ruling must be made at the time. This calls the attention of the court emphatically to the point, and the judge may then change his opinion or correct his mistake. But it is not necessary they should be written out and signed in order that they may be considered as "taken." The time of their formal preparation is a matter of discretion with the judge, as essential to the convenience and dispatch of business.

3. SAME: *When the bill of exceptions shall be signed.*

The practice sustained by precedent is, that if the bill of exceptions is set-tled and signed in vacation, it ought to be, by consent of parties or by an order of the court, entered on the minutes directing it to be done. The exigencies of business in the circuit court may be such that it would be highly inconvenient, in a particular case, to settle and perfect the bill before the adjournment. It is not doubted that the judge may sign the bill of exceptions in vacation.

4. SAME: *Duty of the judge in signing the bill.*

It is the duty of the judge, whether he certifies the bill in term time or va-cation, to give opposing counsel full opportunity to examine the draft proposed by excepting counsel, and to suggest amendments, and then to decide between the parties according to the truth.

PEYTON, C. J., dissenting.

ERROR to the Circuit Court of *Lauderdale* County.

Hon. ROBERT LEACHMAN, Judge.

The only question arising in this case involves the power of the circuit judge to sign and seal a bill of exceptions in vacation. The facts are sufficiently stated in the opinion of the court.

The following motion was filed, to-wit:

The said defendant in error, by his attorneys, comes and moves the court to affirm the judgment in said cause, as a delay case, dis-regarding the pretended bill of exceptions incorporated in the transcript of record, because,

1. Apart from said pretended bill of exceptions, there is man-ifestly no error in the record of the judgment and proceedings.

2. Said pretended bill of exceptions is irregular and void, and constitutes no part of the record in said cause, the same having been signed by the judge, without authority of law, after the ex-piration of the term of the circuit court at which the final judg-

ment in said cause was rendered, and when the jurisdiction of the court was at an end.

*A. H. Handy,* for the motion :

The code of 1871, § 648, allows exceptions to be taken to the granting or refusing of a motion for a new trial, but provides nothing as to the time of taking.  § 651, Code 1871, provides that either party may move for a new trial and take bills of exceptions, at any time during the term, etc.   The substance of bills of exceptions must be reduced to writing whilst the thing is transacting.   Buller's N. P., 316 ; 2 Bac. Abr., 116 (Bouv. ed., 1856) ; 2 Tidd's Pr., 863 (3 Am. ed).   This rule is in force except when modified by statute.   Walton *v.* United States, 9 Wheat., 651 ; Shipherd *v.* White, 3 Cow., 32 ; Ex parte Bradstreet, 4 Pet., 102 ; Midberry *v.* Collins, 9 Johns., 346 ;  Phelps *v.* Mayer, 15 How., 161 ; United States *v.* Breitling, 20 id., 254 ; Law *v.* Merrills, 6 Wend., 268.   It must be perfected during the term.   Shipherd *v.* White, *supra.*   If signed in vacation the record must show an agreement. Claggett *v.* Gray, 1 Clarke (Ia.), 22 ; Vandever *v.* Griffith, 2 Met., 426 ; 4 Bush., 409 ; Roloson *v.* Herr, 14 Ind., 539.   There is no such agreement in the case at bar, and without it the jurisdiction of the cause was at an end at the close of the term.   Sagory *v.* Bayliss, 13 S. & M., 153 ; Hunt *v.* Griffin, 49 Miss., 742.   The agreement is no part of the record, and is without force in law.   Coopwood *v.* Prewett, 30 Miss., 206 ; 4 Bush (Ky.), *supra,* 409 ; Shipherd *v.* White, 3 Cow., 32 ; 8 id., 766 ; 1 Iowa, 20.

*James S. Hamm,* on same side :

The paper purporting to be a bill of exceptions is a nullity. Code, 1871, §§ 634, 644, 645, 646, 648, 649, 650, 651, 652.   The bill must be signed in term time.   Tucker *v.* Gordon, 7 How., 306 ; Ex parte Bradstreet, 4 Pet., 102 ; Walton *v.* United States, 9 Wheat, 651 ; Sheppard *v.* Wilson, 6 How., 275 ; Corley *v.* Evans, 4 Bush., 409 ; Peck *v.* Vankirk, 15 Ind., 159 ; Hicks *v.* Person, 19 Ohio, 426 ; Sikes *v.* Ransom, 6 Johns., 279 ; Midberry *v.* Collins, 9 id., 345 ; Wilcoxson *v.* McBride, 23 Mo., 404 ; Clark *v.* Lary, 3 Sneed, 77 ; Houston *v.* Jones, 4 Texas, 170 ; 5 Humph.,

336; Low *v.* Goldsmith, R. M. Charlton, 288; 3 Humph., 372; 8 Mo., 427; Biggs *v.* M'Ilvain's Ex., 3 Marsh., 360; Law *v.* Merrills, 6 Wend., 268; Hawkins *v.* Lowry, 6 J. J. Marsh., 247; Robbins *v.* Pinckard, 5 S. & M., 51; Allard *v.* Smith, 2 Met. (Ky.), 297; Thompson *v.* Hathaway, 12 Ind., 479; Hance *v.* Miller, 21 Ill., 636; McGavock *v.* Puryear, 6 Cold., 34; Burst *v.* Wayne, 13 Ill., 664; Nixon *v.* Phelps, 3 Wins., 198; Doe *v.* Brown, 6 Ohio St., 12; Busby *v.* Finn, 1 id., 409; Lake Erie Railroad Company *v.* Loveland, 14 Ind., 291; Howard *v.* Burke, 14 id., 35; Hassinger *v.* Pye, 10 Mo., 156; State *v.* McO'Blenis, 21 id., 272; Farrar *v.* Finney, id., 569. As to agreement (see Ex parte Bradstreet, 4 Pet., 102); Claggett *v.* Gray, 1 Clarke, 19; Burst *v.* Wayne, 13 Ill., 664; Ellis *v.* Andrews, 25 Mo., 32). The record must show the order and agreement. Vandever. *v.* Griffith, 2 Met. (Ky.), 425; 24 Ill., 636; 13 Ind., 356; 12 id., 479; 18 Mo., 545; 2 Minn., 113; 14 Ind., 539; 12 Wheat., 117; 18 Wall., 354.

*Harris & George, contra*:

It may be authenticated by lawyers present who know the facts, and in some states by bystanders, that the exceptions were taken. In many cases it has been accepted without the signature of the judge. The judge may be compelled by mandamus to sign it. It may be settled after the term. Strader *v.* Alexander, 9 Port., 441; Pool *v.* Railroad Company, 5 Ala., 238; Hale *v.* Haselton, 21 Wis., 320; Doe ex dem. Robinson *v.* Parker, 3 S. & M., 114; Tucker *v.* Gordon, 7 How., 306; 2 Ham., 181; 3 id., 287; Agnew *v.* Campbell, 2 id., 291; Sweetzer *v.* Mead, 5 Mich., 33; 48 Mo., 376; 20 How., 252. The bill of exceptions states that the court directed that the bill should be settled. See 20 How. (U. S.); 4 How., 370; 1 Iowa, 22; 3 Mich., 35.

*W. L. Nugent*, on same side:

The bill of exceptions, in point of fact, to the overruling of a motion for a new trial, is prepared after the court, as a court, ceases to have jurisdiction of the case. It need not be sealed during the trial. Robbins *v.* Pinckard, 5 S. & M., 51; Porter *v.*

Duglass, 27 Miss., 392. The signing of the bill is only a ministerial act. 24 Miss., 512. And the judge may be forced by *mandamus* to sign it. Ex parte Crane, 5 Pet., 190 ; Delavan *v.* Boardman, 5 Wend., 132 ; People *v.* Judges, 1 Caines, 511 ; State *v.* Todd, 4 Ham., 351 ; 2 Munf., 478 ; 1 Leigh, 287.

SIMRALL, J., delivered the opinion of the court.

The object of a bill of exceptions is to perpetuate for the use of the appellate court, a full and complete history of what transpired on the trial, or so much as may be needed for the purpose of revising the proceedings. It is the creation originally of the statute of Westminster the 2d. The sole purpose is to certify to the court of review, matters during the progress of the cause, which are not noted in the record proper, and which in this mode becomes part of it. It is purely narrative and historical, and not judicial, except in the sense that it is the duty of the judge to sign and seal it. No judgment of the court is pronounced, it is a ministerial act, which by legislation could be committed to the clerk, or other fit person. Such was the view of the court in Van Buren *v.* State, 24 Miss., 514, sustaining a statute allowing two attorneys in certain circumstances to certify the bill. After a somewhat extended examination of the practice in the several states, and in the federal courts, we have not been able to find any uniform rule on the question presented in the motion.

All the authorities concur that the exception must be taken at the time the ruling complained of is made. If it be to the competency of a witness, the admissibility of evidence, an instruction to the jury, the objection must be made at the time the witness is offered, the evidence is admitted or rejected, or the instructions given or refused. This is manifestly proper, as it calls the attention of the court emphatically to the point, and upon further reflection may induce the judge to change his opinion and rectify his mistake. But the debate begins on the point as to how the exception shall be taken, or what constitutes the " taking of " an exception. If within the requirement of the rule, the exception

must be written out and signed and sealed by the judge before it can be said " to be taken," then proceedings must be arrested until that is instantly done.  That would protract the trial of causes in the circuit courts to a degree that would produce delay and inconvenience, which would seriously obstruct the administration of justice.  It is conceded by counsel that this formality is not necessary.  But it is said that a brief note of it must be made at the time, to be afterwards fully written out, signed and sealed But who shall make this note, the judge, the clerk, or the counsel, and when made, does it serve any other purpose than as a remembrance or memorandum to assist the memory in making up the formal paper?

In United States v. Breitling, 20 How., 254, it is said, " the exception must be taken and reserved at the trial, but may be drawn out in form and sealed afterwards.  The bill must show that the party excepted whilst the jury were at the bar."  So in Turner v. Yates, 16 How., 29; referring to the previous cases, the court states the rule to be: "The exception must be taken when the ruling is made.  The time and manner of placing the evidence of it formally on the record are matters belonging to the practice of the court."  In the earlier case in 9 Wheaton, 657, the same court say : "We do not mean to say (in point of fact the practice is otherwise) that the bill of exceptions shall be formally drawn and signed before the trial is at an end."  When we get clear of the idea that the sealing of a bill of exceptions is not a judicial act, the logical difficulty of attaching validity to the act done in vacation is measurably overcome, and any reasonable practice which has obtained, can be sustained.  The practice in Alabama, sanctioned by their courts, is the same that in my observation and experience has prevailed here.  The points of exception must be reserved at the trial, but the bill need not be drawn up and presented until after the adjournment of the court.  In Pool v. Railroad Co., the bill was sealed six months afterwards.  In Strader et al. v. Alexander, 9 Porter, 445, the court remarked upon " noting " the exceptions : " The judge ought to note the excep-

tions at the time, nevertheless, he may trust to his memory." To take an exception at all, it must be done at the time of the ruling, yet no note is made of it on the minutes of the court, nor is any written memorial of it filed. For that fact the appellate court trusts exclusively to the bill of exceptions. In the case last quoted, it is said: " It appears conclusively from the bill of exceptions that the exception was taken at the trial, though reduced to form afterwards, and when sealed it operates by relation to time of trial."

In estimating the value of the adjudications in other states, as authority, it is needful to understand their statutes, and the practice under them. The courts have not been disposed to put a rigid interpretation upon them, but have rather regarded them as remedial than mandatory. In Iowa, in Claggett v. Gray, 1 Iowa, 21, 22, it is said: " The code designed that the exceptions shall be taken and reduced to writing during the trial. But the practice was tolerated that by consent the bill may be settled and signed in vacation."

So the Missouri statute enacted that " a bill of exceptions shall be written out and filed at the time or during the term at which it was taken." But a practice has obtained to permit the bill to be signed after the term, when consent of both parties has been given and entered of record. Blankenship v. R. R. Co., 48 Mo., 377. In Illinois, if exception is taken on the trial, it may be signed afterwards. Illinois Central R. R. Co. v. Palmer, 24 Ill., 45. Regarding the sealing of the bill as so entirely a ministerial act to certify the truth to the appellate court, in Hale v. Haselton, 21 Wis., 321–2, in order to prevent a failure of justice, the signature of the judge, after his term had expired, was held to be good. A remarkable case is reported in 3 Scam., 282–7, and 2 id., 202–3–4. Pearson, the circuit judge, refused to sign a bill of exceptions; a *mandamus* was sued out, which was made peremptory; after service of the writ he still refused, and when about being attached for contempt, resigned his office. The supreme court of Illinois, to vindicate its dignity and authority, punished

him for the contumely act, and, that the litigants should not be prejudiced by the misconduct of the judge, ordered the unsigned bill, which was not denied to be true, to be filed and considered part of the record.

In New Hampshire, in State *v.* Lord, 5 N. H., 336, speaking of the practice, the court said: The exception should be taken at the time (it appeared in the particular case, that they may not have been raised or mentioned before the adjournment of the court), the bill of exceptions need not be made out until afterwards. The opposite counsel should have notice of the time when it is to be allowed, and an opportunity to be heard.

In 2 Peters (S. C.), 107, Marshall, C. J., on the same point, said: A practice to sign after the term must be considered a matter of consent between the parties. The more regular practice would be to reduce the exceptions to writing at the time of the ruling, and to draw it out in form, and have it signed during the term. If, however, it better suits the convenience of the court and counsel, by agreement, the bill may be settled and signed by the judge in vacation. But the judge ought not to certify to the bill by his signature, unless, as presented, it is approved by counsel on both sides, and is satisfactory to him, nor until adverse counsel have had notice of the time and place of settling it, so that he may propose amendments and alterations.

I think the practice best sustained by precedents is, that if the exceptions are settled and signed in vacation, it ought to be by consent of parties, or by an order entered on the minutes directing it to be done. The exigencies of business in the circuit court may be such that it would be highly inconvenient in a particular case to settle and perfect the bill before the adjournment. It might delay and impede, or postpone other business which sometimes crowds upon the court near the close of the term, and which ought to be transacted. I think, therefore, it would serve the ends of justice, to allow a discretion to the judge, to postpone the perfection of the bill of exceptions to the vacation, and that without reference to the consent of counsel. Under our statutes

and the practice under them, I do not doubt the power of the judge to sign a bill in vacation.

If the pressure of business during the term, or other good cause, in the judgment of the court, makes it expedient to delay the settling and signing until the vacation, the judge can so direct on his minutes. If that be done, or if the parties consent, I think the bill can be perfected in vacation.

It is the duty of the judge, whether he signs the bill in term time or in vacation, to give opposing counsel full opportunity to examine the draft prepared by excepting counsel, and to suggest amendments, and then to decide between the parties according to the truth.

It appears in this case, from the bill itself, that it was settled and signed in vacation, by the consent of counsel. We must take the statement in the bill to be true. How does the revising court know that exception was taken to the ruling of the court on the trial, except by the recital in the bill?

The result of my investigation has been, that the courts have considered the formal preparation and authentication of a bill of exceptions by the judge, as a ministerial act, varying in the several states, according to statutes and practice.

In the case before us the parties consented (and the judge acquiesced) that the bill should be formally drawn and certified in vacation, the reason assigned being, that " the court was on the eve of adjournment," and there being no time within which to prepare the necessary bill of exceptions, it was further agreed that the bill should be signed by the judge, as of the day and term aforesaid, which was done on the 6th of April, 1875, and it was allowed, signed, sealed and ordered to be made a part of the record, etc.

A formal order of court is not necessary to make a bill of exceptions part of the record.

The words of the statute (Code of 1871, § 648), are: " It shall be the duty of the judge before whom said motion is made, to allow and sign the same, and such bill of exceptions shall be part of the record in the cause."

The statute does not declare that the bill must be instantly signed by the judge, or during the term, as in some of the states.

The exception in this case was taken and allowed at the time the ruling was made.

The circumstances under which the bill was perfected in vacation, I think, do not violate the terms of the statute, or the practice that prevails.

I am of opinion that the motion ought to be denied.

PEYTON, C. J., dissenting.

TARBELL, J., delivered the following opinion:

Motion to suppress a bill of exceptions on the ground that "said pretended bill of exceptions is irregular and void, and constitutes no part of the record in said cause, the same having been signed by the judge without authority of law, after the expiration of the term of the circuit court at which final judgment in said cause was rendered, and when the jurisdiction of the court was at an end."

The motion is not to remand the bill for review, but to strike it out of the record, as a nullity, because signed in vacation, without an order of the court or consent of counsel in writing, entered of record, that it might be so signed.

The bill begins in the usual form, reciting the court, the term, the title of the cause and the evidence, with the objections and exception taken during the trial, in the proper form, and concludes as follows: "The said motion for a new trial being considered and understood by the court, was by the court overruled, to which judgment of the court in overruling the said motion for a new trial, the defendant then and there, in open court, instantly excepted, and these exceptions were allowed; but the court being on the eve of an adjournment until court in course, and there being no time within which to prepare the necessary bill of exceptions, by consent of counsel on both sides, it was agreed, and the court so directed, that the said bill of exceptions should

be prepared and presented to and signed by the presiding judge of said court in vacation, as of the day and term aforesaid, which is accordingly done, this 6th day of April, A. D. 1875; and this bill of exceptions, being accordingly tendered to the court, is signed, sealed, enrolled and ordered to be made a part of the record in said cause, as if tendered and signed in open court on the day and year at which the motion for a new trial in said cause was overruled by the court."

The practice in such cases is governed by the code, §§ 644, 646, 648, 651. We have no other statutes or rules. The decisions of the courts of this state are limited in number, and indicate no precise practice on this subject. Several leading points, however, are established. In Wilcox v. Mitchell, the court say: "It appears that the exceptions were taken and noted at the proper time, and by consent of the court and the defendant's counsel the bill was drawn up and signed afterwards, *nunc pro tunc.* This is sufficient, and takes it out of the rule established by the authorities." 4 How., 272. How this appeared is not stated, but doubtless by the bill of exceptions itself. This is conclusive of the power to sign in vacation.

The adjudications of our own state also show the signing of a bill of exceptions to be a ministerial, and not a judicial act. Doe v. Parker, 3 S. & M., 114; Van Buren's Case, 24 Miss., 512; and such is the effect of the code. In Porter v. Duglass, 27 Miss., 379, the court say: "The bill recites the motion for a new trial, sets out the reasons in support of the motion, the judgment on the motion, and shows that the exception was taken during the term of the court at which the verdict was rendered. This was unquestionably sufficient. Whether the bill was or was not sealed by the judge and filed during the term of the court, are matters which it is incompetent for us to inquire into upon the suggestion of counsel."

The verity of a bill of exceptions is declared in several cases. Kane v. Burrus, 2 S. & M., 313.

In Kane v. Burrus, 2 S. & M., 313, the continuance of a mo-

tion for a new trial to a subsequent term was shown only by the bill of exceptions. There was no entry in the minutes or order of record of such continuance, nor consent in writing. The certificate of the judge to the bill of exceptions taken and signed at the term to which the motion was continued and overruled was held to be proof of the continuance, on the ground that the bill when signed is a record and imports absolute verity. The court say, that when "a circuit judge, by bill of exceptions, certifies to us a fact, we must take it as a fact." See, also, 4 How., 370; 2 S. & M., 403; 8 id., 97; 1 id., 326.

According to Tucker v. Gordon, 7 How., 309, a bill of exceptions is valid if it shows on its face some proper foundation authorizing it. This was under Hutch. Code, but would seem to be in point.

If the signing of a bill of exceptions is a question of jurisdiction, it would seem to be conclusive that the jurisdiction of a cause cannot be continued in the circuit court after final judgment and adjournment of court in course, either by an order of the court, or by written consent of counsel. This power must, if it exist at all, depend upon some other ground than that of jurisdiction; for, with the adjournment of the circuit court in course, its jurisdiction over causes passed into final judgment, and wherein no motion or other matter is taken under advisement whereby the judgment might be reopened, is gone forever.

· If, however, the signing of bills of exception be treated as a matter of practice, the whole difficulty, to my mind, seems to be solved. As a rule of practice, the whole subject is under the control of the courts, and each particular case must be determined by its own facts and circumstances.

Referring to the affidavits of counsel filed in support of this motion, it is stated in the affidavit of Mr. S. Evans, that he was the leading counsel in the case, and that judge Hamm was associated with him; and "that he never agreed or consented that any bill of exceptions might be signed by the judge in vacation, unless it was first presented to him or to his associate counsel, and ap-

proved by him or by affiant and his said associate." He then proceeds to say that he was never furnished with a copy of the proposed bill, or asked to consider the same; that he had no notice of the time and place of signing the bill; and that he never but partially examined the same.

Judge Hamm affirms that when spoken to during the term as to preparing the bill of exceptions in vacation, he referred counsel to judge Evans as the leading counsel in the case, and he proceeds to state that he was never afforded a fair opportunity to examine the bill; that he had no notice of the time and place of signing the same; and that the exceptions are partial and unfair. Manifestly, from his affidavit, the leading counsel consented to the settling of the bill in vacation, upon the terms stated by himself, and upon both the affidavits, it is clear that the complaint is not so much of the signing in vacation, as of the omission to furnish them with a copy of the bill, with an opportunity to propose amendments; and with notice of the time and place of signing; and that the bill is unfairly settled. Assuming these complaints to be well founded, they afford just cause for remanding the bill for resettlement, but not for suppressing it altogether.

If ever there was a remedial statute whose provisions are to be liberally construed, the statute of Westminster 2d is one, and the rules of practice regulating bills of exception should be enforced so as best to meet the ends of justice. With reference to the adjudications upon this practice, Powell on Appellate Proceedings, p. 254, § 58, makes this very just criticism: "It seems as though some courts were disposed to sustain any plausible objection to the bill of exceptions as an easy mode of disposing of the case; while others, in the spirit in which bills of exceptions were introduced into the practice, labor to make them available even against adverse circumstances which seem to thwart them."

Numerous cases have been cited and examined on this motion. In fact, the statutes and adjudications of most of the states have been carefully studied. The views of the supreme court of the United States are greatly relied on, and the opinions of that court

do, perhaps, with more clearness than those of any other, define what may be regarded as the most correct practice with reference to bills of exceptions.

 After the most thorough research and consideration of the multitude of cases on this subject, my own conclusion is most happily expressed, and my judgment is most completely met and satisfied, by the case of The United States *v.* Breitling, 20 How., 252. This case arose in Alabama. A somewhat full quotation will show it to embrace and to be conclusive of the several points upon which the motion at bar turns. The bill was signed and sealed May 15, 1856, after the adjournment of the court. To the bill the judge added this note: " During the term of the court, the attorney for the United States presented a bill of exceptions. The bill was presented on Saturday before the court adjourned, which was on Wednesday. On Monday morning, the bill was handed to the United States attorney with the request that he submit it to the opposing counsel. On the third day after this, the minutes were signed, and the court adjourned. I heard nothing further from the bill till the 9th or 10th of May, when it was presented by the plaintiff's attorney again, with the written objections of the attorneys of the defendant, that it should be signed after the adjournment. The clerk will subjoin this explanation to the bill of exceptions." The court say : " The objection stated in the note is founded upon a rule of the circuit court, which, in general terms, adopts the practice of the state courts; and the practice of the state courts in relation to exceptions is regulated by a law of the state, which provides that no bill of exceptions can be signed after the adjournment of the court, during which the exception *is* taken, unless by consent of counsel in writing, when it may be signed within ten days thereafter," except in such cases as is otherwise provided. But the answer to this objection is that the statute of Alabama and the regulation it prescribes to the courts of the state can have no influence on the practice of court of the United States, unless adopted by a rule of the court. And it is always in the power of the court to suspend its own rules, or to

except a particular case from its operation, whenever the purposes
of justice require it.   The attention of this court has, upon several
occasions, been called to this subject, and the rule established by
its decisions will be found to be this: the exception must show
that it was taken and reserved by the party at the trial, but it
may be drawn out in form and sealed by the judge afterwards.
This point was directly decided in the case of Phelps *v.* Mayer,
15 How., 160, and again in Turner *v.* Yates, 16 id., 28.   And the
time within which it may be drawn out and presented to the court,
must depend on its rules and practice, and on its own judicial dis-
cretion.   In the case before us, the judge who tried the case has
deemed it his duty to seal and certify the exception to this court;
and under the circumstances stated in the exception and the note,
we think he was right in doing so, and that this exception is le-
gally before this court as a part of the record of the proceedings
of the court below.

From that case these propositions are deduced:

1. The first and most important is derived from the fact that
the statements of the judge in the note without seal, appended to
the bill, were received as evidence of the facts contained therein.

2. Bills of exceptions may be signed in vacation without an
order of the court or the consent, in writing, of counsel, and, in
fact, though counsel refuse consent and object to the signing.

3. The time within which bills of exceptions may be drawn out
and presented to the court depends on its rules and practice, and
on its own judicial discretion.

4. And it is always in the power of the court to suspend its
own rules, or to except a particular case from their operation.

These views express my own sense of the justice of the case at
bar, and all similar cases under our own and like statutes.

In harmony with the foregoing are the views expressed in Tur-
ner *v.* Yates, 16 How., 14, viz:   "The record must show that the
exception was taken at the stage of the trial when its cause arose.
The time and manner of placing the evidence of the exception for-
mally on the record, are matters belonging to the practice of the

court in which the trial is held.   The convenient dispatch of business, in most cases, does not allow the preparation and signature of bills of exceptions during the progress of a trial.   Their requisite certainty and accuracy can hardly be secured, if any considerable delay afterwards be permitted; and it is for each court in which cases are tried to secure, by its rules, that prompt attention to the subject necessary for the preservation of the actual occurrences on which the validity of the exception depends, and so to administer those rules that no artificial or imperfect case shall be presented here for adjudication."   These comments follow a liberal quotation from Walton v. United States, 9 Wheat., 657, cited in the case at bar.   The language of the court in the latter case must, therefore, be considered as explained in the case just quoted, and in the preceding case of United States v. Breitling.

The vast number of cases cited forbids their complete analysis. Statutes underlie and control most of them.   In none is the power to sign in vacation denied, except when prohibited in terms by statute.   Even then, bills signed by consent after the term are upheld, as in Kentucky, Missouri and Iowa, power to sign in vacation is recognized and affirmed in numerous cases.

By the present statutes of Alabama, bills of exceptions must be signed in term, but by consent, in writing, may be signed within ten days thereafter.

Under the prior statutes of that state, which, like our own, fixed no time in which bills of exceptions must be signed, a bill was valid signed within any reasonable time after the trial term. 5 Ala., 238.

The statutes of Missouri require bills of exceptions to be signed during term " and not after; " yet may be signed after by consent.

In the Kentucky, bills of exceptions must be signed in term, but time may be extended by order of the court.   Bills signed in vacation by consent, without such order, have been upheld in that state.

The code of Iowa provides that "the exceptions must be taken and reduced to writing before the verdict is rendered, unless other-

wise arranged by consent." Sec. 1805. "Such exceptions must be in writing, but the court may allow such time as may be deemed reasonable to settle and reduce the same to form." Sec. 1806. The consent required by the statute of Iowa may be shown by the certificate of the judge. In other words, if the consent required is stated in the bill to have been given, it is sufficient. Claggett *v.* Gray, 1 Iowa, 20, as in the case at bar.

The statutes of Ohio are specific and prohibitory as are those of Massachusetts.

By the the statutes of Michigan and the former statutes of New York, power to make rules of practice is conferred on their supreme courts. Bills of exceptions in those states are prepared, settled and signed accordingly. Time, in those states, to prepare bills of exceptions may be extended and enlarged, from time to time, by the judges, within the rules prescribed.

The statute of Indiana empowers the judges to extend the time for preparing bills of exceptions.

By the statute of Illinois: " If, during the progress of any trial in any civil cause, either party shall allege an exception to the opinion of the court, and reduce the same to writing, it shall be the duty of the judge to allow the said exception, and to sign and seal the same." In Burst *v.* Wayne, 13 Ill., 664, it is said: "Strictly speaking, a party under this statute would be required to reduce his exception to writing, and have it signed during the progress of the trial; but a strict compliance with the letter of the statute would, in many cases, be impracticable, and has never been required." Bills of exceptions signed two years after trial have been upheld.

See, also, 3 Scam., 287, and 24 Ill., 43, wherein the time of signing is held to be immaterial, provided injustice be not done, or, in other words, if justice be done.

It only need be added, that the judicial discretion of circuit judges, in signing bills of exception, has been exercised in a great number of instances, by signing in vacation, with and without an order of court or consent of counsel, at various periods after the trial term, from one day to ten years, and sustained.

In the exercise of the same discretion, judges have refused to sign, not for the want of power, but because no notes had been taken or kept, and the facts were wholly forgotten.

And, further, that in consequence of local statutes and other reasons, most of the adjudications cited on the argument are inapplicable here under the provisions of our code.

The obstacle, if it be an obstacle, in the way of this court, seems to me to be this, that our code has neither prescribed rules of practice on this subject, nor authorized this court to make such rules. In the absence of legislation, therefore, it does not appear to me in the power of this court to prescribe rules of practice for the circuit courts, beyond a revision of their acts. This involves the action of this court upon each particular case on its own merits, or on the facts and circumstances surrounding it. In my view, the circuit judges are vested with a judicial discretion to sign bills of exception in term or vacation, which discretion is subject to the revision of this court. At the same time, a wise court and prudent counsel will follow the practice indicated by some of the adjudications of the supreme court of the United States and of the state of Illinois.

In the case at bar, I see no ground to suppress or strike from the record the bill of exceptions, but every reason, on the facts as at present presented, why the bill should be remanded for review when a proper motion shall be made for that purpose.

The motion to suppress ought to be overruled.

PEYTON, C. J., dissenting.