## THE UNITED STATES, PLAINTIFF IN ERROR, *v.* GOTLIEB BREITLING.

The Circuit Court of the United States in Alabama, by a general rule, adopted the practice of the State courts, which is regulated by a statute providing that no bill of exceptions can be signed after the adjournment of the court, unless with the consent of counsel, &c.

But where a judge holding the Circuit Court in Alabama signed a bill of exceptions under special circumstances, after adjournment, and without the consent of counsel, this court will consider the exception as properly before it. It is in the power of a court to suspend its own rules, or except a particular case from them, to subserve the purposes of justice.

And the signature of the judge was attached to the bill, in conformity with the decisions of this court.

The exception brings up the charge of the court to the jury, but not the admission of evidence which was objected to on the trial, but to the admission of which no exception was noted.

The charge of the court, being founded on a hypothetical state of facts of which there was no evidence, was erroneous.

THIS case was brought up, by writ of error, from the Circuit Court of the United States for the southern district of Alabama.

The case is stated in the opinion of the court.

It was submitted on printed arguments by *Mr. Black* (Attorney General) for the United States, and *Mr. Percy Walker* for the defendant.

Mr. Chief Justice TANEY delivered the opinion of the court.

This action was brought by the United States against the defendant in error, as one of the sureties in the official bond of David E. Moore, who was receiver of the public moneys at Demopolis, in the State of Alabama. Under the instructions given by the court to the jury, the verdict and judgment were in favor of the defendant.

A bill of exceptions to these instructions, signed and sealed by the judge who tried the case, is set forth in the transcript. But the defendant contends that the exception was not taken by the United States according to law and the rules and practice of the Circuit Court, and that it cannot therefore be regarded as a part of the record of the proceedings in that court, nor considered here in revising its judgment.

A brief extract from the exceptions, together with the note attached to it by the judge, will show how this question arises.

After setting forth the bond and the testimony of several witnesses, examined on the part of the defendant, the exception proceeds in the following words:

" The defendant then offered to read in evidence the deposi-

tions above referred to, when the plaintiff's counsel objected to the reading of the depositions of McDowell, W. H. Roberts, and George G. Lyon, as they were severally offered, which objection the court overruled. The plaintiff's counsel objected to the evidence of D. C. Anderson, who was examined as a witness by defendant, whose evidence went to show that Smith, one of the obligors to the bond, was poor and in straitened circumstances, which objection was overruled. This, together with the depositions above referred to, was all the evidence offered by defendant, and the same having been submitted to the jury, and argued by counsel, the court, at the request of the defendant's attorneys, charged the jury, 'that if the jury believe, from the evidence, that at the time Breitling's name was signed to the bond, it was understood and intended that other persons were to sign it as obligors, and he was to have notice that they did so, and who they were, and then, if satisfied, was to acknowledge the bond in the presence of witnesses, who were to attest it, and if this was not done, and the bond was not afterwards ratified by him, the jury ought to find for the defendant;' to which charge the plaintiff's counsel excepted.

"And the judge therefore signs and seals their bill of exceptions, this 15th day of May, 1856, a day after the adjournment of the court. JOHN GAYLE, [seal.]"

### *Explanations attached to the Bill of Exceptions.*

"During the term of the court, the attorney for the United States presented a bill of exceptions. The bill was presented on Saturday before the court adjourned, which was on Wednesday. On Monday morning, the bill was handed to the United States attorney, with the request that he submit it to the opposing counsel. On the third day after this, the minutes were signed, and the court adjourned.

"I heard nothing further from the bill till the 9th or 10th May, when it was presented by the plaintiff's attorney again, with the written objections of the attorneys of the defendant, that it should be signed after the adjournment. The clerk will subjoin this explanation to the bill of exceptions.

"JOHN GAYLE."

"Filed 15th May, 1856."

The objection stated in the note is founded upon a rule of the Circuit Court, which in general terms adopts the practice of the State courts; and the practice of the State courts, in relation to exceptions, is regulated by a law of the State, which

provides that no bill of exceptions can be signed after the adjournment of the court during which the exception is taken, unless by consent of counsel in writing, when it may be signed within ten days thereafter, except in such cases as is otherwise provided.

But the answer to this objection is, that the statute of Alabama, and the regulation it prescribes to the courts of the State, can have no influence on the practice of a court of the United States, unless adopted by a rule of the court.   And it is always in the power of the court to suspend its own rules, or to except a particular case from its operation, whenever the purposes of justice require it.   The attention of this court has, upon several occasions, been called to this subject, and the rule established by its decisions will be found to be this: the exception must show that it was taken and reserved by the party at the trial, but it may be drawn out in form and sealed by the judge afterwards.   This point was directly decided in the case of Phelps *v.* Mayor, 15 How., 260; and again, in Turner *v.* Yates, 16 How., 28.   And the time within which it may be drawn out and presented to the court, must depend on its rules and practice, and on its own judicial discretion.   In the case before us, the judge who tried the case has deemed it his duty to seal and certify the exception to this court; and under the circumstances stated in the exception and the note, we think he was right in doing so, and that this exception is legally before this court as a part of the record of the proceedings of the court below.

In proceeding to examine the points raised upon it and argued in this court, it is not necessary to state at large the testimony given by the witnesses for the defendant, nor the grounds upon which the United States objects to the admissibility of the evidence; for it does not appear that the plaintiff excepted to any one of the decisions of the court overruling his objections.   The exception states that he made the objections which have been argued here, and that the court overruled them. But the fact that he made the point at the trial, and the court decided it against him, is not sufficient to bring the question before this court.   He must show that he excepted to the opinion.   And as there is no evidence that he did so while the jury were at the bar, the objections to the testimony of the witnesses are not before us.

It is otherwise, however, in relation to the charge of the court to the jury.   This, it appears, was excepted to, and consequently is regularly and legally before this court, and we think the judge erred in giving it.

It is clearly error in a court to charge a jury upon a supposed

or conjectural state of facts, of which no evidence has been offered. The instruction presupposes that there is some evidence before the jury which they may think sufficient to establish the facts hypothetically assumed in the opinion of the court; and if there is no evidence which they have a right to consider, then the charge does not aid them in coming to correct conclusions, but its tendency is to embarrass and mislead them. It may induce them to indulge in conjectures, instead of weighing the testimony.

In the case before us, we do not see any evidence in the record which tends, in the least degree, to prove any one of the facts hypothetically assumed in the opinion. If such testimony was given, it certainly does not appear in the transcript. And upon this ground, without examining further into the opinion of the court below, the judgment must be reversed.