Pardee, Circuit Judge.
This is a suit instituted in the circuit court by Emma Ludlam to recover damages from the Texas & Pacific Railway Company for violation of contract. From an adverse judgment the railway company prosecutes this writ of error.
The case is sufficiently stated in the following bill of exceptions, taken on the trial, to wit:
“Be it remembered, that on the trial of the above cause on February 9, 1892, the following facts were proven: Emma Ludlam, the plaintiff, an unmarried female, 21 years old, was traveling from Arkansas to Louisiana, her home, and desired to stop at Stalls, a station on the Texas & Pacific Railway, 53 miles south of Texarkana, to visit her brother. She had with her four small children under seven years old, and she had no other company or escort. On the evening of February 24, 1890, just after her arrival at Texarkana, a few minutes before the departure of the train to Stalls, she bought a ticket over the Texas & Pacific Railway from Texarkana to Stalls, and boarded the night train which leaves Texarkana at nine o’clock at night, and arrived at Stalls at eleven o’clock at night. Soon after leaving Texarkana, the conductor took up her ticket, and kept it. Just before the train arrived at Kildare, a station between Texarkana and Stalls, and nine miles from Stalls, the conductor informed her that his train did not stop at Stalls, and that she would have to get off at Kildare. She offered to pay the conductor to allow her to allow her to go on to Stalls. The conductor told her that he could not stop at Stalls; that, if he stopped there, somebody would be cutting up about it. She then asked him to take her to Lodi, a station between Kildare and Stalls. The conductor said he could not stop at Lodi either. The conductor put the plaintiff and children off at Baldare. She remained in the depot until next morning, and then took the next train, and went to Stalls, paying twenty-five cents for her ticket, and arrived at Stalls twelve hours later than she would if she had gone on the former train. Stalls is only a way station,—a side track. There is no depot or house there, the nearest house being one half mile, where plaintiff’s brother lived; but her brother was to meet her at Stalls, and was there to receive her if she had come, and lived a half mile from the station at Stalls. There was a depot at Kildare, and an hotel within thirty or forty steps of the depot. Atlanta is a station between Kildare and Texarkana, and is a town of about 3,000 inhabitants, and has hotels and depot. Plaintiff was a stranger, and unacquainted in that part of the country. Plaintiff did not know that the night train did not stop at Stalls. She suffered from cold at Kildare. There was no fire in the depot, and it was a cold night. Plaintiff further proved that it was dark at Kildare. There was no light at the station at Kildare, and no one there at the depot to tell her where any •hotel was; and, on account of the four small children being asleep, she could •not leave them to hunt an hotel. Defendant proved that the night train that passed Stalls at eleven o’clock at night was a through fast train, and carried sleeping cars from St. Louis to El Paso; and by a rule and regulation of the company that train was not to stop at Stalls, but the day train did stop at Stalls. Plaintiff then proved that the night train did sometimes stop at Stalls to receive and put off passengers. Thereupon the court charged the jury as follows: ‘ The railway company had the right to run through trains that did not stop at Stalls, and it was the duty of plaintiff to inquire if the train on which she was about to take passage stopped at Stalls; but after she had boarded the train by mistake it was the duty of the conductor to act promptly, •and inform her of her mistake, and give her an opportunity to get off at any station between Texarkana and Kildare. Row, it appears that the plaintiff was put off at Kildare. The measure of damages is the twenty-five cents she ¡paid for the ticket at Kildare from there to Stalls, and also the damage she *96 suffered by reason of being left at Kildare, instead of being left at some other place between Kildare and Texarkana; that is, that if the conductor, by promptly informing plaintiff that his train did not stop at Stalls, would have enabled her to have stopped at some other station before reaching Kildare, where she would have suffered less than she suffered at Kildare, then she can recover the increased damage she suffered at Kildare over what she would have suffered at some other place.’ The defendant, at the time said charge was given, excepted to that part, of the above charge which gives the plaintiff the right to recover for the additional suffering caused by her being left at Kildare, instead of some other station between Kildare and Texarkana, (1) because there is no pleading raising such an issue, or justifying a recovery on above ground; (2) and because there was no evidence that there was any place between Kildare and Texarkana where plaintiff would have suffered less than she suffered at Kildare; (3) and because there was no evidence that she would have stopped at any station before reaching Kildare if the conductor had promptly informed her that the train did not stop at Stalls. The court held the exceptions not well taken, and submitted the cause to the jury. The jury returned a verdict for plaintiff for $200.25, and the court rendered judgment accordingly.”
There are two grounds of complaint assigned as errors. The first is to part of the charge of the court to the jury in the following language:
“After she [plaintiff] had boarded the train by mistake, it was the duty of the conductor to act promptly and inform her of her mistake, and give her an opportunity to get off at any station between Texarkana and Kildare.”
The record does not show that any exception was taken to the part of the charge quoted at the time it was delivered, nor to the charge as a whole; and it follows that, whether erroneous or not, it cannot be considered here. The only exception to the charge, or to a part thereof, taken in season, is the one referred to in the second assignment of errors, which relates entirely to the measure of damages, and is as follows:
“The measure of damages is the twenty-five cents (25c.) she paid for the ticket at Kildare from there to Stalls, and also the damage she suffered by reason of being left at Kildare, instead of being left at some other place between Kildare and Texarkana; that is, that if the conductor, by promptly informing plaintiff that his train did not stop at Stalls, would have enabled her to have stopped at some other station before reaching Kildare, where she would have suffered less, then she can recover the increased damage she suffered at Kildare over what she would have suffered at some other place.”
It is urged that this was erroneous, because it is said there was no pleading in the case raising such an issue, or justifying a recovery on such grounds; that there was no evidence that there was any place between Kildare and Texarkana where plaintiff, if put off there, would have suffered less than she suffered at Kildare; and that there was no evidence that she would have stopped at any station before reaching Kildare, if the conductor had promptly informed her that the train did not stop at Stalls station; and it is said that the rule of damages thus given was on a supposed of conjectural state of facts in regard to which no evidence had been offered. In U. S. v. Breitling, 20 How. 252-255, it is declared:
“It is clearly error to charge a jury upon a supposed or conjectural state of facts, of which no evidence has been offered. The instruction presupposes *97 that there is some evidence before the jury which they may think sufficient to establish the facts hypothetically assumed in the opinion of the court; and, if there is no evidence which they have a right to consider, then the charge dues not aid them in coming to correct conclusions, but its tendency is to embarrass and mislead them. It may induce them to indulge in conjectures, instead of weighing the testimony.” „
An examination of the record shows that the plaintiff sued for violation of a contract of carriage as a passenger from Texarkana to Stalls, and the damages she claims are for not being carried through to her destination, and for being put off at Kildare, an intermediate station; all in violation of the contract. The defense was substantially that the plaintiff had taken a train of the defendant which, under the rules of the company, did not stop at Stalls; and that, as the conductor put the plaintiff off at the nearest stopping station to Stalls, there could be no recovery.
The facts recited in the bill of exceptions, as proven on the trial of the case, are not sufficiently full for this court to determine, even if the matter were open to inquiry, whether the plaintiff had made a case which would entitle her to go the jury upon the issues as made up in the pleadings. It does not appear that there were any public instructions posted at Texarkana as to whether the night train, or any other train of defendant, did or did not stop at Stalls station. It does not appear whether the plaintiff was or was not advised by any official of the company at Texarkana as to what train she should take to go to Stalls, other than the inference which can be drawn from the fact that a few minutes before the departure of the train the ticket agent óf defendant sold the plaintiff a ticket from Texarkana to Stalls. Nor does the record show at what time—whether in first taking up her ticket or later—the conductor of the train informed the plaintiff she was on a through train, which would not stop at Stalls; and, finally, there is nothing in the record to show whether the defendant railway company operated any train from Texarkana which stopped at Stalls, although there is a statement that a train did stop at Stalls, but from where it started does not appear. We infer, from the absence of exception to the charge of the court as given, that there was no objection on either side to the law as given by the judge, “that the railway company had the right to run through trains that did not stop at Stalls; and it was the duty of plaintiff to inquire if the train on which she was about to take passage stopped at Stalls; but, after she had boarded the train by mistake, it was the duty of the conductor to act promptly, and inform her of her mistake, and give her an opportunity to get off at any station between Texarkana and Kildare.” In other words, there seems to have been no objection on either side to the charge of the court substantially that the defendant was in fault, and for that fault plaintiff was entitled to recover; and this part of the charge, as we have said before, cannot be reviewed by this court.
As the plaintiff had sued for damages for being wrongfully put off at Kildare, and as, under the obligations of the defendant, as declared by the court without objection, she had the right to recover for such dam *98 ages, it would seem that the charge complained of, which gives the rule of damages on account of plaintiff’s being put off at Kildare, is not open to the charge of being hypothetical or conjectural. If the court was right in the proposition of law declared as to the liability of the defendant, and as to the right of the plaintiff to recover- damages for being put off at Kildare, then it seems clear that the rule of damages given by the court was favorable to the defendant, as authorizing a lessening of the actual damages suffered by the plaintiff in being put off at Kildare, and gives plaintiff in error no ground for complaint in this court. On the record, as brought to this court, we see no other course than to affirm the judgment, and it is so ordered.