GODFREE v. PEAK, Superintendent, etc.

Court of Appeals of District of Columbia.
Submitted December 5, 1928. Decided February 4, 1929.

Rehearing Denied February 23, 1929.

No. 4770.

Ralph Cusick, of Washington, D. C., for appellant.

R. B. Keech, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. This is an appeal from an order of the lower court dismissing a petition for a writ of habeas corpus and remanding the petitioner to jail to serve a sentence imposed upon him by the police court.

The defendant below, now the appellant, was tried and convicted in the police court for the offense of operating a motor vehicle while under the influence of intoxicating liquor, and was sentenced to serve a term in jail. He filed a motion for a new trial, which was overruled. He then gave notice of his intention to apply to this court for a writ of error, and was released under bond pending the determination of the proposed application.

In order to secure such a writ of error, the defendant was bound under Rule XXVI of this court to present a bill of exceptions if necessary to the police court within five days after final judgment, and the police judge was required to settle and sign the bill within ten days after its receipt by him, and to file the same immediately in the cause, unless the time for signing it was extended by the judge before the expiration of the ten days. The rule also required that all writs of error must be applied for in this court within five days from the day on which the bill of exceptions was filed, and not afterwards.

It appears that the defendant within five days after final judgment regularly presented his bill of exceptions to the police judge for his signature, but the judge refused to sign it or extend the time within which it should be signed. The judge based his ruling upon rule 2 of the police court, which reads in part as follows: "Counsel for both parties shall agree upon said bill of exceptions and submit the same to the court for settling within ten days after submission unless by order of the court further time is allowed, within the said ten days, otherwise the court will refuse to sign the same." Inasmuch as the counsel for both parties in the case had not agreed upon the bill of exceptions as presented to the police judge, the judge refused to sign the same, and after the lapse of ten days ordered the defendant to be committed under the sentence of the court.

The defendant then filed a petition in habeas corpus in the Supreme Court of the District of Columbia, claiming that the aforesaid rule of the police court under which the police judge had acted was a nullity, and that the defendant thereby had been denied his right to apply to this court within proper time for a writ of error. He claimed accord-

ingly that the order of commitment was illegal, and prayed to be discharged from custody. The court, after hearing the cause, entered a qualified order which provided that the defendant should be discharged from custody, "but without prejudice to further proceedings not inconsistent with the ruling of the Court in the case of District of Columbia versus Charles A. Godfree, Number 99,040 in the Police Court of the District of Columbia," the case thus referred to as No. 99,040 being that in the police court wherein the defendant was convicted and sentenced.

Thereupon the police court, after notice to the defendant, set the proposed bill of exception for hearing, notwithstanding the failure of the respective counsel to agree upon it, and over the objections and exceptions of the defendant the judge settled and signed the bill, and filed the same in the cause. The defendant, however, made no application whatever to this court for a writ of error in the cause, nor did he file the bill of exceptions in this court, but relied upon the contention that the police judge had lost authority to sign any bill of exceptions in the cause because of the lapse of time, and that the signing of the bill was a nullity.

The police judge, however, ordered that the defendant should be committed under the sentence passed upon him, whereupon the defendant as petitioner brought a second case in habeas corpus in the Supreme Court of the District of Columbia, to wit, the present case, praying for a writ of habeas corpus for his final discharge from custody under the commitment. The petition was heard and dismissed by the lower court, and this appeal was brought.

Upon this record we may say that in our opinion the decision of the lower court was right. We agree with the view that rule No. 2 of the police court, under which the police judge at first refused to sign the bill of exceptions because it was not approved by both parties to the case, was unreasonable, and null and void, and that the action of the police judge pursuant thereto was erroneous. The defendant, however, then became entitled to apply to this court for a writ of error and an order prohibiting his commitment until a bill of exceptions was duly signed and filed in the cause. Moreover, when the police judge, after judgment was rendered in the first habeas corpus case, signed a bill of exceptions and filed it in the cause, the defendant again became entitled to apply to this court for a writ of error, by filing an application therefor together with a copy of the bill. United States v.

Breitling, 20 How. 252, 15 L. Ed. 900; District of Columbia v. Blackman, 32 App. D. C. 32. But the defendant failed in each instance to avail himself of such a remedy, but instead applied to the lower court for his final discharge by habeas corpus. It is settled law that ordinarily a writ of habeas corpus will not be granted where there is an adequate remedy at law by writ of error or appeal. 29 C. J. 19. In the present case it is manifest that this rule should be strictly adhered to, for had a writ of error seasonably been sought in this court we could have considered and passed upon the exceptions taken by the defendant at the trial of the case, and if they were sustained the cause could have been remanded for a new trial. The present case, however, does not disclose these exceptions, and does not seek a new trial, but applies for a final discharge of the defendant notwithstanding that the verdict and judgment of guilty stand unreversed against him. The petition was rightly dismissed.

The judgment of the lower court is affirmed, with costs.